Stuart M. Lederman
RIKER DANZIG SCHERER HYLAND PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
(973) 538-0800

Attorneys for Defendants,
Jacobs Architects / Engineers, Inc.
and Jacobs Consultancy, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE TRUSTEES OF<br>PRINCETON UNIVERSITY<br><br>Plaintiff,<br><br>v.<br><br>TOD WILLIAMS BILLIE TSIEN ARCHITECTS, LLP; JACOBS ARCHITECTS/ENGINEERS, INC.; and JACOBS CONSULTANCY INC.<br><br>Defendants. | Case No. 3:19-cv-21248-BRM-LHG<br><br>Hon. Brian R. Martinotti, U.S.D.J.<br><br>Hon. Lois H. Goodman, U.S.M.J.<br><br>**CONSENT ORDER GRANTING *PRO HAC VICE* ADMISSION TO KATHLEEN OLDEN BARNES** |

**THIS MATTER** having been brought before the Court upon the application of Defendants Jacobs Architects/Engineers, Inc. and Jacobs Consultancy, Inc. (collectively "Jacobs"), by and through their attorney of record, Riker Danzig Scherer Hyland Perretti LLP ("Riker Danzig"), for an Order, pursuant to Local Civil Rule 101.1(c), permitting Kathleen O. Barnes ("Counsel") to appear and participate *pro hac vice* on behalf of Jacobs; and the Court having been informed that Plaintiff, Trustees of Princeton University and Co-Defendant, Tod Williams Billie Tsien Architects, LLP's counsel have consented to the *pro hac vice* admission of said Counsel for this matter; and the Court having read and considered such application and for good cause shown;

IT IS, THEREFORE, on this ___18th___ day of ___February___ 2020,

**ORDERED** that Kathleen O. Barnes, of the firm of Watt, Tieder, Hoffar & Fitzgerald, LLP, is hereby permitted to appear *pro hac vice* in this action pursuant to Local Civil Rule 101.1(c); however, all pleadings, briefs and other papers filed with the Court on behalf of Jacobs shall be signed by a member or associate of the firm of Riker Danzig, who shall be responsible for said papers, and for the conduct of the cause, and who shall be present in Court during all phases of these proceedings, unless expressly excused by the Court, and who will be held responsible for the conduct of the attorneys admitted hereby; and it is further

**ORDERED** that Counsel shall remit to the New Jersey Lawyers' Fund for Client Protection the annual payment that may be required in accordance with New Jersey Court Rule 1:28-2(a) for each calendar year in which Counsel represents a client in a matter pending in this Court; and it is further

**ORDERED** that Counsel pay $150.00 to the Clerk, United States District Court for the District of New Jersey, for participation in this action; and it is further

**ORDERED** that Counsel shall be bound by the General and Admiralty Rules of the United States District Court for the District of New Jersey, including, but not limited to the provisions of Local Civil Rule 103.1, Judicial Ethics and Professional Responsibility, and Local Civil Rule 104.1, Discipline of Attorneys; and it is further

**ORDERED** that Counsel shall be deemed to have agreed to take no fee in any tort case in excess of the New Jersey State Court Contingency Fee Rule, Rule 1:21-7.

_____
HON. LOIS H. GOODMAN, U.S.M.J.

5112824v2