EXHIBIT A

THOMPSON BECKER, L.L.C.
By: John M. Becker, Esquire - I.D. #8515
Ten Melrose Avenue
Woodcrest Pavilion, Suite 400
Cherry Hill, New Jersey 08003
Phone: (856) 616-8886
Our File No. 7500-091
Attorneys for Defendant,
Tod Williams Billie Tsien Architects, LLP

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE TRUSTEES OF PRINCETON UNIVERSITY,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>TOD WILLIAMS BILLIE TSIEN ARCHITECTS, LLP; JACOBS ARCHITECTS/ENGINEERS, INC.; and JACOBS CONSULTANCY INC.,<br><br>　　　　　　　　　　Defendants. | Civil Action No.<br>3:19-cv-21248-BRM-LHG<br><br>**TOD WILLIAMS BILLIE TSIEN ARCHITECTS, LLP'S AMENDED THIRD-PARTY COMPLAINT** |
| TOD WILLIAMS BILLIE TSIEN ARCHITECTS, LLP,<br><br>　　　　　　　Defendant/<br>　　Third-Party Plaintiff,<br><br>　　v.<br><br>ARUP, USA, INC.; THE BALLINGER COMPANY; SEVERUD ASSOCIATES CONSULTING ENGINEERS, P.C.; FISHER MARANTZ STONE; FRANK HUBACH ASSOCIATES, INC.; F.J. SCIAME CONSTRUCTION COMPANY, INC.; JOHN DOES 1-10 and ABC CORPORATIONS 1-10,<br><br>　　　Third-Party Defendants. | |

Defendant/third-party plaintiff, Tod Williams Billie Tsien Architects, LLP ("TWBTA"), by way of amended third-party complaint against the third-party defendants, Arup, USA, Inc.; The Ballinger Company; Severud Associates Consulting Engineers, P.C.; Fisher Marantz Stone; Frank Hubach Associates, Inc.; F.J. Sciame Construction Company, Inc.; Joe Does 1-10; and ABC Corporations 1-10, says as follows:

1. Plaintiff, The Trustees of Princeton University, has brought a complaint against TWBTA seeking damages resulting from alleged design and construction deficiencies related to the Andlinger Center for Energy & the Environment project.

2. Arup USA, Inc. ("Arup"), doing business at 77 Water Street, New York, New York 10005, entered into a contract with TWBTA or otherwise agreed with TWBTA to perform as the mechanical, electrical, and plumbing engineering consultant on the project.

3. Arup's scope of services included, but was not limited to, providing designs that TWBTA incorporated into the plans and specifications, and answering requests for information, reviewing shop drawings/submittals, and reviewing change order requests related to its scope of services on the project.

4. The Ballinger Company ("Ballinger"), doing business at 833 Chestnut Street, Suite 1400, Philadelphia, Pennsylvania 19107, entered into a contract with TWBTA or otherwise agreed

2

with TWBTA to perform as the associate architect consultant on the project.

5. Ballinger's scope of services included, but was not limited to, providing designs that TWBTA incorporated into the plans and specifications, and answering requests for information, reviewing shop drawings/submittals, and reviewing change order requests related to its scope of services on the project.

6. Severud Associates Consulting Engineers, P. C. ("Severud"), doing business at 469 Seventh Avenue, Suite 900, New York, New York 10018, entered into a contract with or otherwise agreed with TWBTA to perform as the structural engineering consultant on the project.

7. Severud's scope of services included, but was not limited to, providing designs that TWBTA incorporated into the plans and specifications, and answering requests for information, reviewing shop drawings/submittals, and reviewing change order requests related to its scope of services on the project.

8. Fisher Marantz Stone ("FMS"), doing business at 22 W. 19th Street, New York, New York 10011, entered into a contract with or otherwise agreed with TWBTA to perform as the lighting consultant on the project.

9. FMS's scope of services included, but was not limited to, providing designs that TWBTA incorporated into the plans and specifications, and answering requests for information, reviewing shop drawings/submittals, and reviewing change order requests related to its scope of services on the project.

10. Frank Hubach Associates, Inc. ("FHA"), doing business at 4905 Central Avenue #100, Richmond, California 94804, entered into a contract with or otherwise agreed with TWBTA to perform as the acoustical consultant on the project.

11. FHA's scope of services included, but was not limited to, providing designs that TWBTA incorporated into the plans and specifications, and answering requests for information, reviewing shop drawings/submittals, and reviewing change order requests related to its scope of services on the project.

12. F.J. Sciame Construction Company, Inc. ("Sciame"), doing business at 14 Wall Street, 2nd Floor, New York, New York 10005, entered into a Guaranteed Maximum Price (GMP) Construction Services Contract with plaintiff to provide construction services on the project in accordance with the contract documents that included the TWBTA plans and specifications.

13. Sciame, alone or in concert with its subcontractors and/or plaintiff, deviated from the requirements of the contract documents, which included the TWBTA plans and specifications,

4

and the deviations were not coordinated with TWBTA and/or its consultants in advance of the deviations.

14. Sciame, alone or in concert with subcontractors and/or plaintiff, made decisions and substitutions altering the contract documents, which included the TWBTA plans and specifications, and the decisions and substitutions were not coordinated with TWBTA and/or its consultants in advance of the decisions or substitution.

15. Sciame, alone or in concert with subcontractors and/or plaintiff, made incorporated changes in the project that were not in conformance with the contract documents, which included the TWBTA plans and specifications, and the changes were not coordinated with TWBTA and/or its consultants in advance of the changes.

16. Sciame, alone or in concert with subcontractors and/or plaintiff, submitted numerous necessary change orders and requests for information.

17. Plaintiff approved the uncoordinated deviations, substitutions, decisions, changes, and unnecessary change orders without the of coordination and/or approval of TWBTA and/or its consultants.

18. Plaintiff and Sciame breached their respective contracts by failing to follow the contract documents, which

included the TWBTA plans and specifications, thereby causing the damages complained of by the plaintiff in its complaint.

19. Third-party defendants Joe Does 1-10 are individuals who contracted with plaintiff, Sciame Construction, LLC, TWBTA or some other project participant to provide design, construction, professional, consulting or management services on the subject project.

20. Third-party defendants ABC Corporations 1-10 are corporations, partnerships, or other business entities that contracted with plaintiff, Sciame Construction, LLC, TWBTA or some other project participant to provide design, construction, professional, consulting or management services on the subject project.

## JURISDICTION AND VENUE

21. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1). The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and plaintiff's complaint is between citizens of different states.

22. The claims in this third-party complaint are substantially related to the claims at issue in the complaint and this Court has supplemental jurisdiction over same.

23. Pursuant to 28 U.S.C. § 1391, the District of New Jersey is appropriate since the issues of this litigation relate to a construction project in Princeton, New Jersey.

### FIRST COUNT - INDEMNIFICATION

24. Defendant/third-party plaintiff TWBTA repeats the allegations of the prior paragraphs of this amended third-party complaint as if set forth at length herein.

25. TWBTA denies all legal liability and responsibility for the acts alleged in plaintiff's complaint.

26. If TWBTA should be found liable to plaintiff herein, which liability is denied, said liability is secondary, vicarious, passive, technical or imputed and the liability of the third-party defendants, including Arup, Ballinger, Severud, FMS, FHA, Sciame, Joe Does 1-10, and ABC Corporations 1-10, is primary, active and direct, and the third-party defendants are obligated by operation of law, contract and otherwise to indemnify and defend and hold harmless TWBTA from any and all claims which are the subject of plaintiff's complaint in this amended third-party complaint.

WHEREFORE, Defendant/third-party plaintiff TWBTA herein demands judgment for common law and contractual indemnification from third-party defendants, Arup, USA, Inc., The Ballinger Company, Severud Associates Consulting Engineers, P.C., Fisher Marantz Stone, Frank Hubach Associates, Inc., F.J. Sciame Construction Company, Inc., Joe Does 1-10, and ABC Corporations 1-10.

## SECOND COUNT - CONTRIBUTION

27. Defendant/third-party plaintiff TWBTA repeats the allegations of the prior paragraphs of this amended third-party complaint as if set forth at length herein.

28. If TWBTA should be found liable to plaintiff, which liability is denied, defendant/third-party plaintiff TWBTA asserts that third-party defendants, including Arup, Ballinger, Severud, FMS, FHA, Sciame, Joe Does 1-10, and ABC Corporations 1-10, are joint tortfeasors with respect to any loss, liability or expense on account of defendant/third-party plaintiff's demand for judgment.

WHEREFORE, Defendant/third-party plaintiff TWBTA herein demands judgment for contribution against third-party defendants, Arup, USA, Inc., The Ballinger Company, Severud Associates Consulting Engineers, P.C., Fisher Marantz Stone, Frank Hubach Associates, Inc., F.J. Sciame Construction Company, Inc., Joe Does 1-10, and ABC Corporations 1-10, in accordance with the provisions of the New Jersey Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1, et. seq., and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et. seq.

## DEMAND FOR TRIAL BY JURY

PLEASE TAKE NOTICE that answering third-party defendant hereby demands a trial by jury on all issues.

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that John M. Becker, Esquire is designated as trial counsel.

>THOMPSON BECKER, L.L.C.
>Attorneys for Defendant/
>Third-party Plaintiff, Tod Williams
>Billie Tsien Architects, LLP

Dated:  July 1, 2020            By: _____
                                       John M. Becker, Esquire