EXHIBIT B

THOMPSON BECKER, L.L.C.
By: John M. Becker, Esquire - I.D. #8515
Ten Melrose Avenue
Woodcrest Pavilion, Suite 400
Cherry Hill, New Jersey 08003
Phone: (856) 616-8886
Our File No. 7500-091
Attorneys for Defendant,
Tod Williams Billie Tsien Architects, LLP

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE TRUSTEES OF PRINCETON UNIVERSITY,<br><br>                  Plaintiff,<br><br>       v.<br><br>TOD WILLIAMS BILLIE TSIEN ARCHITECTS, LLP; JACOBS ARCHITECTS/ENGINEERS, INC.; and JACOBS CONSULTANCY, INC.,<br>                  Defendants. | Civil Action No.<br>3:19-cv-21248-BRM-LHG<br><br>**TOD WILLIAMS BILLIE TSIEN ARCHITECTS, LLP'S ANSWER TO CROSS-COMPLAINT OF JACOBS ARCHITECTS/ENGINEERS, INC. AND JACOBS CONSULTANCY, INC. WITH THIRD-PARTY COMPLAINT** |
| JACOBS ARCHITECTS/ENGINEERS, INC. and JACOBS CONSULTANCY INC.,<br><br>            Cross-Complainant,<br><br>       v.<br><br>TOD WILLIAMS BILLIE TSIEN ARCHITECTS, LLP,<br><br>    Cross-Complaint Defendant. | |
| TOD WILLIAMS BILLIE TSIEN ARCHITECTS, LLP,<br><br>      Third-Party Plaintiff<br>    on the Cross-Complaint,<br><br>       v. | |

THE TRUSTEES OF PRINCETON
UNIVERSITY and ARUP USA, INC.,

> Third-Party Defendants
> on the Cross-Complaint.

Defendant, Tod Williams Billie Tsien Architects, LLP, ("TWBTA" or "answering defendant"), in reply to the cross-complaint filed against it by defendants Jacobs Architects/Engineers, Inc. and Jacobs Consultancy, Inc., says as follows:

## CROSS-COMPLAINT OF JACOBS ARCHITECTS/ENGINEERS, INC. AND JACOBS CONSULTANCY, INC.

1.   The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent any further response is required, denied as to answering defendant.

2.   Answering defendant is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph.

3.   Answering defendant is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph.

4.   Admitted.

5.   Admitted.

6.   Admitted.

7.   Admitted.

8.   Answering defendant is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph.

9.   The Design Contract is a written document that speaks for itself and is the best evidence of its own terms. Answering defendant denies any inconsistent characterization thereof. To the extent any further response is required, answering defendant denies the allegations of this paragraph.

10.   Admitted that Jacobs Architect/Engineers, Inc. was a sub-consultant of answering defendant for the Project, but its Subconsultant Agreement is a written document that speaks for itself and is the best evidence of its own terms. Answering defendant denies any inconsistent characterization thereof. To the extent any further response is required, answering defendant denies the allegations of this paragraph.

11.   Admitted that Jacobs Consultancy, Inc. was a sub-consultant of answering defendant for the Project, but its Subconsultant Agreement is a written document that speaks for itself and is the best evidence of its own terms. Answering defendant denies any inconsistent characterization thereof. To the extent any further response is required, answering defendant denies the allegations of this paragraph.

12.   The Subconsultant Agreements are written documents that speak for themselves and are the best evidence of their own

3

terms. Answering defendant denies any inconsistent characterizations thereof. To the extent any further response is required, answering defendant denies the allegations of this paragraph.

13.   The Subconsultant Agreements are written documents that speak for themselves and are the best evidence of their own terms. Answering defendant denies any inconsistent characterizations thereof. To the extent any further response is required, answering defendant denies the allegations of this paragraph.

14.   Denied that any failure to pay proper invoices of Jacobs Architects/Engineers, Inc. and Jacobs Consultancy, Inc. any Contract Milestones, if proven, was the fault of answering defendant.

## COUNT ONE

### (Breach of Contract Against Princeton and TWBTA)

15.   Answering defendant repeats its answers to the prior paragraphs as if set forth at length herein.

16.   The Subconsultant Agreements are written documents that speak for themselves and are the best evidence of their own terms. Answering defendant denies any inconsistent characterizations thereof. To the extent any further response is required, answering defendant denies the allegations of this paragraph.

4

17.   Answering defendant neither admits nor denies the allegations in this paragraph and leaves Jacobs A/E to its proofs.  To the extent any further response is required, answering defendant denies the allegations of this paragraph.

18.   Answering defendant neither admits nor denies the allegations in this paragraph and leaves Jacobs Consultancy to its proofs.  To the extent any further response is required, answering defendant denies the allegations of this paragraph.

19.   Admitted that demands have been made, including by the filing of this cross-claim or cross-complaint. To the extent any further response is required, answering defendant denies the allegations of this paragraph and asserts that plaintiff or others are responsible for any payments claimed and owing by the Jacobs Entities under this paragraph.

20.   Denied as to answering defendant.

WHEREFORE, defendant Tod Williams Billie Tsien Architects, LLP demands dismissal of the cross-complaint with prejudice, together with attorneys' fees, costs of defense and other relief the Court deems just and equitable.

## COUNT TWO

### (Quantum Meruit Against TWBTA)

21.   Answering defendant repeats its answers to the prior paragraphs as if set forth at length herein.

22.   The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent any further response is required, denied as to answering defendant.

23.   Answering defendant neither admits nor denies the allegations in this paragraph and leaves the Jacobs Entities to their proofs.  To the extent any further response is required, answering defendant denies the allegations of this paragraph.

24.   Answering defendant neither admits nor denies the allegations in this paragraph and leaves the Jacobs Entities to their proofs.  To the extent any further response is required, answering defendant denies the allegations of this paragraph and asserts that plaintiff or others are responsible for any payments claimed and owing under this paragraph.

WHEREFORE, defendant Tod Williams Billie Tsien Architects, LLP demands dismissal of the cross-complaint with prejudice, together with attorneys' fees, costs of defense and other relief the Court deems just and equitable.

## SEPARATE DEFENSES TO THE CROSS-COMPLAINT AND COUNTERCLAIM

### FIRST SEPARATE DEFENSE

Answering defendant was not negligent.

### SECOND SEPARATE DEFENSE

Answering defendant performed each and every duty, contractual or otherwise, which was owed to the Jacobs Entities and plaintiff, if any, or to any other persons.

6

## THIRD SEPARATE DEFENSE

The incidents and damages complained of by the Jacobs Entities were caused solely by the acts or omissions of some other person or party over whom answering defendant has no control or right of control.

## FOURTH SEPARATE DEFENSE

The damages alleged are not the result of the incident which is the subject of the cross-complaint.

## FIFTH SEPARATE DEFENSE

The Jacobs Entities' negligence and/or fault contributed to the alleged damages and, therefore, they are barred from recovery or subject to having the same diminished in accordance with the New Jersey Comparative Negligence Act and the New Jersey Joint Tortfeasors Contribution Act.

## SIXTH SEPARATE DEFENSE

The incident was caused by defects which did not result from any act or omission on the part of answering defendant.

## SEVENTH SEPARATE DEFENSE

The Jacobs Entities assumed the risk of injury or harm or loss.

## EIGHTH SEPARATE DEFENSE

The Jacobs Entities' claims are barred from recovery to the extent each consultant materially breached duties and obligations under their respective contract.

7

## NINTH SEPARATE DEFENSE

The Jacobs Entities' claims are subject to set-off, recoupment, or back charges.

## TENTH SEPARATE DEFENSE

To the extent it has not done so in the preceding paragraphs, answering defendant denies any averments in the cross-complaint which the Court deems requires such response.

## ELEVENTH SEPARATE DEFENSE

The Jacobs Entities' claims are barred by the applicable statute of limitations/repose.

## TWELFTH SEPARATE DEFENSE

For the purpose of preserving a defense, the Jacobs Entities' claims are barred in whole or in part because it failed to satisfy all necessary conditions precedent

## THIRTEENTH SEPARATE DEFENSE

The Jacobs Entities' claims are barred by the doctrine of payment, accord and satisfaction.

## FOURTEENTH SEPARATE DEFENSE

The Jacobs Entities' claims are barred because there are no monies due and owing.

## FIFTEENTH SEPARATE DEFENSE

The Jacobs Entities' claims are barred by the doctrines of estoppel and waiver.

### SIXTEENTH SEPARATE DEFENSE

The Jacobs Entities' claims are barred from recovery by the limitation of liability clause in the contract.

### SEVENTEENTH SEPARATE DEFENSE

The Jacobs Entities have failed to mitigate damages.

### EIGHTEENTH SEPARATE DEFENSE

The Jacobs Entities' claims are barred by the doctrines of laches.

### NINETEENTH SEPARATE DEFENSE

The Jacobs Entities' claims are barred by the doctrines of unclean hands.

### TWENTIETH SEPARATE DEFENSE

Answering defendant reserves the right to assert any other defenses as may be developed through discovery or trial.

### TWENTY-FIRST SEPARATE DEFENSE

The Jacobs Entities' cross-complaint fails to state a claim upon which relief can be granted, including pursuant to N.J.S.A. 2A:53A-27, et seq.

### TWENTY-SECOND SEPARATE DEFENSE

The Jacobs Entities' have failed to join a party needed for a just adjudication or without which the action cannot proceed.

<u>**TWENTY-THIRD SEPARATE DEFENSE**</u>

The alleged incident was caused by the intervening wanton and/or willful actions of a third party, which this defendant could not have foreseen and for which they are not responsible.

<u>**CROSS-COMPLAINT DEFENDANT, TOD WILLIAMS BILLIE TSIEN ARCHITECTS, LLP'S THIRD-PARTY COMPLAINT FOR CONTRIBUTION AND INDEMNIFICATION AGAINST THE TRUSTEES OF PRINCETON UNIVERSITY AND ARUP USA, INC.**</u>

1. Answering defendant on the cross-complaint repeats its answers to the prior paragraphs of the cross-complaint of defendants Jacobs Architects/Engineers, Inc. and Jacobs Consultancy, Inc. as if set forth at length herein.

2. Defendant Tod Williams Billie Tsien Architects, LLP denies liability to defendants Jacobs Architects/Engineers, Inc. and Jacobs Consultancy, Inc. for their cross-complaint. However, if this defendant is judged liable then answering defendant demands contribution from plaintiff/third-party defendant on the cross-complaint, The Trustees of Princeton University, and defendants/third-party defendant on the cross-complaint, Arup USA, Inc., pursuant to the applicable Joint Tortfeasors Contribution Act, <u>N.J.S.A.</u> 2A:53A-1 through 5.

3. Defendant Tod Williams Billie Tsien Architects, LLP denies liability to defendants Jacobs Architects/Engineers, Inc. and Jacobs Consultancy, Inc. for their cross-complaint. However, if this defendant is judged liable then answering

defendant demands common law and contractual indemnification from plaintiff/third-party defendant on the cross-complaint, The Trustees of Princeton University, and defendants/ third-party defendant on the cross-complaint, Arup USA, Inc.

WHEREFORE, Defendant/third-party plaintiff on the cross-complaint, Tod Williams Billie Tsien Architects, LLP, herein demands judgment for contribution and/or common law and contractual indemnification from third-party defendants, The Trustees of Princeton University and Arup, USA, Inc.

## DEMAND FOR JURY TRIAL

Answering defendant hereby demands trial by jury as to all issues herein.

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that John M. Becker is designated as trial counsel.

## LOCAL CIVIL RULE 11:2 CERTIFICATION

I hereby certify that, to my knowledge, the matter in controversy is not the subject of any other action or proceeding pending in any court or in any pending arbitration or administrative proceeding.

## CERTIFICATE OF SERVICE

I, John M. Becker, Esquire, certify that on _____, 2020, a true and correct copy of the answer to the cross-complaint was

11

served on all counsel of record via the Court's ECF Filing
System.

                                    **THOMPSON BECKER, L.L.C.**
                                    Attorneys for Defendant
                                    Tod Williams Billie Tsien
                                    Architects, LLP

                                            */s/John M. Becker*

Dated:   July   , 2020         By:_____
                                    John M. Becker, Esq.