UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

THE TRUSTEES OF PRINCETON
UNIVERSITY,

              Plaintiff,

        v.

TOD WILLIAMS BILLIE TSIEN
ARCHITECTS, LLP; JACOBS
ARCHITECTS/ENGINEERS, INC.;
and JACOBS CONSULTANCY INC.,

            Defendants.

_____

TOD WILLIAMS BILLIE TSIEN
ARCHITECTS, LLP,

              Defendant/
      Third-Party Plaintiff,

        v.

ARUP, USA, INC., THE
BALLINGER COMPANY, SEVERUD
ASSOCIATES CONSULTING
ENGINEERS, P.C., FISHER
MARANTZ STONE, FRANK HUBACH
ASSOCIATES, INC., F.J. SCIAME
CONSTRUCTION COMPANY, INC.,
JOHN DOES 1-10 and ABC
CORPORATIONS 1-10,

      Third-Party Defendants.

Civil Action No.
3:19-cv-21248-BRM-LHG

**Motion Return Date:
July 6, 2020**

---

**BRIEF IN SUPPORT OF DEFENDANT TOD WILLIAMS BILLIE TSIEN
ARCHITECTS, LLP'S NOTICE OF MOTION FOR LEAVE TO FILE AN AMENDED
THIRD-PARTY COMPLAINT, AND ANSWER TO CROSS-COMPLAINT WITH THIRD-
PARTY COMLAINT, AND ANSWER TO COUNTERCLAIM WITH THIRD-PARTY
COMPLAINT**

THOMPSON BECKER, L.L.C.
By: John M. Becker, Esquire
I.D. #8515
Ten Melrose Avenue
Woodcrest Pavilion, Suite 400
Cherry Hill, New Jersey 08003
Phone: (856) 616-8886
Facsimile: (856) 616-9118
Our File No. 7500-091
jbecker@thompsonbeckerlaw.com
Attorneys for Defendant,
Tod Williams Billie Tsien Architects,
LLP

Counsel of Record:
John M. Becker, Esquire

On the Brief:
John M. Becker, Esquire

**TABLE OF CONTENTS**

                                                            **Page**

TABLE OF CONTENTS..............................    i

TABLE OF AUTHORITIES..........................    ii, iii

I.   INTRODUCTION......................................    1

II.  STATEMENT OF FACTS AND PROCEDURE HISTORY.........    1

III. LEGAL ARGUMENT....................................    3

     PLAINTIFFS' REQUEST FOR LEAVE TO AMEND SHOULD
     BE GRANTED........................................    3

IV.  CONCLUSION........................................    7

## TABLE OF AUTHORITIES

**Cases**                                                                        **Page(s)**

Arthur v. Maersk, Inc., 434 F.3d 196, 203
    (3d Cir. 2006)...................................
                                    6

Boileau v. Bethlehem Steel Corp., 730 F.2d 929
    (3d Cir. 1984)...................................
                                    5

Disability Rights N.J., Inc. v. Velez,
    862 F. Supp. 2d 366 (D.N.J. 2012)...............
                                    6

Dunn v. Praiss, 139 N.J. 564, 575-76 (1995)..........
                                    4

Foman v. Davis, 371 U.S. 178 (1962)..................
                                 5, 6

Holloway v. State, 125 N.J. 386, 400-01
    (1991).........................................
                                    3

Markey v.Skog, 129 N.J. Super. 192, 199 (Law
    Div.1974)......................................
                                    4

Riley v. Taylor, 62 F.3d 86, 90 (3d Cir. 1995).......
                                    6

Ronson v. David S. Talesnick, CPA, 33
    F. Supp. 2d 347, 356-57 (D.N.J. 1999)...........
                                    3

Shire LLC v. Amneal Pharm., LLC, No. 11-3781,
    2012 WL 12909909 (D.N.J. Dec. 28, 2012).........
                                    6

Sutton v. New Century Fin. Servs., 05-3125,
    2006 WL 3676306, at *1 (D.N.J. Dec. 11, 2006))...
                                    6

W. Run Student Hous. Assocs., LLC v.
    Huntington Nat'l Bank, 712 F.3d 165
    (3d Cir. 2013)...................................
                                    5

## Statutes

N.J.S.A. 2A:53A-1 to -5................................ 3
N.J.S.A. 2A:15-5.1 to -5.3............................ 4

## Rules

FED. R. CIV. P. 14.................................... 1, 3
FED. R. CIV. P. 15.................................... 1, 5

## I. __INTRODUCTION__

Defendant Tod Williams Billie Tsien Architects, LLP brings this Motion for Leave to File an Amended Third-Party Complaint seeking to join new parties as third-party defendants pursuant to FED. R. CIV. P. 14, and an Answer to Cross-Complaint with Third-Party Complaint for contribution and indemnification against the existing parties and an Answer to Counterclaim with Third-Party Complaint for contribution and indemnification against existing parties pursuant to FED. R. CIV. P. 15. As more fully set forth herein, these amendments are necessary to further the interests of justice and judicial economy and allow Defendant Tod Williams Billie Tsien Architects, LLP to join new parties as third-party defendants, and respond to affirmative claims and seek recovery by way of contribution and indemnification against other parties since such claims are directly intertwined with the other issues pending before the Court in this action. Additionally, the other parties to the case will not suffer any prejudice by the filing of these amendments. Accordingly, Defendant Tod Williams Billie Tsien Architects, LLP respectfully requests this Court grant its Motion.

## II. __STATEMENT OF FACTS AND PROCEDURAL HISTORY__

Plaintiff filed its Complaint against Defendants Tod Williams Billie Tsien Architects, LLP ("TWBTA"), and Jacobs Architects/Engineers, Inc. and Jacobs Consultancy, Inc. ("Jacobs

1

Entities"), on December 10, 2019. (Dkt. No. 1).  The Jacobs Entities filed their Answer to the Complaint along with a Counterclaim against Plaintiff and a Cross-Complaint against TWBTA on January 21, 2020. (Dkt. No. 7). Defendant TWBTA filed its Answer to the Complaint on January 22, 2020 (Dkt. No. 9). The Answer contained a general denial of any crossclaims but did not specifically respond to the Jacobs Entities' Cross-Complaint.

Defendant TWBTA filed a Third-Party Complaint against Arup USA, Inc. ("Arup") and F.J. Sciame Construction Company, Inc. on February 14, 2020. (Dkt. No. 17). Third-Party Defendant Arup filed its Answer along with a Counterclaim against TWBTA on April 9, 2020. (Dkt. No. 30).  TWBTA did not file an answer to the Counterclaim on time due to insurance coverage issues.

Pursuant to the Court's Scheduling Order dated May 13, 2020, all motions to amend pleadings to add claims or new parties must be filed by June 12, 2020. (Dkt. No. 35)[1]. To date, the parties have not exchanged any discovery or even Rule 26 disclosures.

---

[1] The Scheduling Order was clarified accordingly by the court's email dated June 4, 2020 attached to the Certification of Counsel as Exhibit "1".

## III. <u>LEGAL ARGUMENT</u>

### **PLAINTIFFS' REQUEST FOR LEAVE TO AMEND SHOULD BE GRANTED.**

Federal Rule of Civil Procedure 14(a)(1) provides, in relevant part, that a "defending party may, as third-party plaintiff, serve a summons and complaint on a non-party who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Under this Rule, leave of court is appropriate when the third-party claim is premised on "a theory upon which the third-party defendant can be liable to the third-party plaintiff under some theory of secondary liability, i.e., indemnification, contribution, or some other theory of derivative liability recognized by relevant substantive law." See <u>Ronson v. David S. Talesnick, CPA</u>, 33 F. Supp. 2d 347, 356-57 (D.N.J. 1999).

The purpose of New Jersey's Joint Tortfeasors Contribution Law, <u>N.J.S.A.</u> 2A:53A-1 to -5 ("JTCL"), is "to promote fair sharing of the burden of judgment by joint tortfeasors and to prevent a plaintiff from arbitrarily selecting his or her victim." <u>Holloway v. State</u>, 125 N.J. 386, 400-01 (1991) (citations omitted). The JTCL is further designed to "alleviate the evident harshness and inequity of the common-law rule ...

3

pursuant to which there was no right of joint tortfeasors to seek allocation among themselves of the burden of their fault." Markey v. Skog, 129 N.J. Super. 192, 199 (Law Div.1974). Thus, under the JTCL, as modified by the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 to -5.3, joint tortfeasors "bear their just shares of the burden [of liability] … on the basis of proportion of fault as determined by the trier of fact." Dunn v. Praiss, 139 N.J. 564, 575-76 (1995) (citations omitted). Joint liability is appropriate between different wrongdoers, even when the claims against one are based in negligence and the claims against the other sound in contract, strict liability, intentional tort or breach of warranty. See Id. at 576-78.

Here, TWBTA seeks leave to file an Amended Third-Party Complaint to assert contribution and indemnification claims against several of its subconsultants on the project, given the allegations raised in the Complaint, which takes issue with various services, design, recommendations, and advice that were the responsibility of TWBTA as the architect for the project, and which in turn implicates the services of TWBTA's subconsultants.  Accordingly, TWBTA is entitled to seek contribution and/or indemnification from those subconsultants;

therefore, leave should be granted to file the Amended Third-
Party Complaint against some or all of the additional parties.[2]

Federal Rule of Civil Procedure Rule 15, which governs
requests for leave to amend pleadings, provides that leave shall
be "freely give[n]" when "justice so requires." FED. R. CIV. P.
15(a)(2). Acknowledging the liberal policy underlying this rule,
both the U.S. Supreme Court and the Third Circuit have
recognized a general presumption in favor of allowing a party to
amend its pleadings. See Foman v. Davis, 371 U.S. 178, 182
(1962) ("If the underlying facts or circumstances relied upon by
a plaintiff may be a proper subject of relief, he ought to be
afforded an opportunity to test his claim on the merits."); W.
Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712
F.3d 165, 171 (3d Cir. 2013) ("A liberal policy toward allowing
amendments to correct errors in the pleadings clearly is
desirable and furthers one of the basic objectives of the
federal rules—the determination of cases on their merits."
(quoting 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL
PRACTICE & PROCEDURE § 1474 (3d ed. 2008)); Boileau v. Bethlehem
Steel Corp., 730 F.2d 929, 938 (3d Cir. 1984) (noting a "general
presumption in favor of allowing a party to amend pleadings").
"It is well-settled . . . that, 'leave to amend should be

---

[2] TWBTA is still reviewing voluminous documentation, including over 400 change orders to determine whether any of the proposed third-party defendants should be <u>not</u> be named in the Amended Third-Party Complaint for a few reasons including whether the amount of potential contribution and indemnification justifies pursuing those claims. The decision will be made within the time permitted to file the amended pleading should this motion be granted.

granted freely . . . and court[s] should use 'strong liberality' in considering whether to grant leave to amend.'" Disability Rights N.J., Inc. v. Velez, 862 F. Supp. 2d 366, 370 (D.N.J. 2012) (quoting Sutton v. New Century Fin. Servs., 05-3125, 2006 WL 3676306, at *1 (D.N.J. Dec. 11, 2006)).

"The burden is generally on the party opposing the amendment to demonstrate why the amendment should not be permitted." Shire LLC v. Amneal Pharm., LLC, No. 11-3781, 2012 WL 12909909, at *2 (D.N.J. Dec. 28, 2012) (citing Foman, 371 U.S. at 178). Although courts have recognized a limited number of "permissible justifications" for denying leave to amend, "[o]nly when these factors suggest that amendment would be 'unjust' should the court deny leave." Arthur v. Maersk, Inc., 434 F.3d 196, 203 (3d Cir. 2006); Riley v. Taylor, 62 F.3d 86, 90 (3d Cir. 1995) ("Permissible justifications include: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposition; (4) repeated failures to correct deficiencies with previous amendments; and (5) futility of the amendment.") (citing Foman, 371 U.S. at 182). None of these factors are present here, and TWBTA therefore respectfully requests that leave to amend be granted.

## IV.  **CONCLUSION**

For these reasons, defendant Tod Williams Billie Tsien Architects, LLP respectfully requests that the Court grant leave to file the requested amended pleadings.

Respectfully submitted,

THOMPSON BECKER, L.L.C.
By: John M. Becker, Esquire
I.D. #8515
Ten Melrose Avenue
Woodcrest Pavilion, Suite 400
Cherry Hill, New Jersey 08003
Phone: (856) 616-8886
Facsimile: (856) 616-9118
Our File No. 7500-091
jbecker@thompsonbeckerlaw.com
Attorneys for Defendant,
Tod Williams Billie Tsien Architects,
LLP


By: _____

Dated:   June 12, 2020         John M. Becker, Esquire

7