**RIKER, DANZIG, SCHERER,**
 **HYLAND & PERRETTI LLP**
By: Stuart Lederman (# 6620)
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
Tel: 973.451.8456/Fax: 973.451.8678

**WATT TIEDER HOFFAR &**
 **FITZGERALD, LLP**
By:  Kathleen Olden Barnes (pro hac vice)
1765 Greensboro Station Place
Suite 1000
McLean, Virginia 22102
Tel: 703.749.1000/Fax: 703.893.8029

*Attorneys for Defendants*
*Jacobs Architects/Engineers, Inc. and*
*Jacobs Consultancy Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **THE TRUSTEES OF**<br> **PRINCETON UNIVERSITY,**<br>              **Plaintiff,**<br>       **v.**<br>**TOD WILLIAMS BILLIE TSIEN**<br> **ARCHITECTS, LLP; JACOBS**<br> **ARCHITECTS/ENGINEERS,**<br> **INC.; and JACOBS**<br> **CONSULTANCY INC. et al.,**<br>              **Defendants.** | **Civil Action No. 3:19-cv-21248-BRM-LHG** |

**JACOBS ARCHITECTS/ENGINEERS, INC.'S AND**
**JACOBS CONSULTANCY, INC.'S MOTION TO SUPPLEMENT**
**AND/OR AMEND THEIR ANSWER, AFFIRMATIVE DEFENSES,**
**COUNTERCLAIM, AND CROSS-CLAIMS**

COME NOW Jacobs, Jacobs Architects/Engineers, Inc. ("Jacobs A/E") and Jacobs

Consultancy, Inc. ("Jacobs Consultancy") (collectively, the "Jacobs Entities"), by undersigned

counsel and, pursuant to Federal Rule of Civil Procedure 15 submit this Motion to Supplement

and /or Amend their Answer, Affirmative Defenses, Counterclaim and Cross-Claim.  In support thereof, the Jacobs Entities allege as follows:

## I.      INTRODUCTION

On February 14, 2020, Defendant Tod Williams Billie Tsien Architects, LLP ("TWBTA") filed a Third-Party Complaint, naming as Third-Party Defendants Arup, USA, Inc. ("Arup"), F.J. Sciame Construction Company, Inc. ("Sciame"), John Does 1–10, and ABC Corporations 1–10 (collectively "Third Party Defendants") for the purposes of claiming indemnity and contribution against the Third-Party Defendants for any liability assigned to TWBTA as a result of Plaintiff's, The Trustees of Princeton's ("Princeton"), Complaint. The Jacobs Entities have an identical interest in seeking indemnity and contribution against the Third-Party Defendants.

The Jacobs Entities are permitted under Federal Rule of Civil Procedure 13 (g) to file Cross-Claims against the Cross-Defendants. Similarly, the Jacobs Entities would be permitted under Rule 14 of the Federal Rules of Civil Procedure to file a Third-Party Complaint for indemnity and contribution against the Cross-Defendants. On the same grounds and pursuant to FRCP 15 and Local Rules of Civil Procedure 7.1(f) and 15.1(a), the Jacobs Entities seek leave to supplement and/or amend their Answer to include Cross-Claims against the Third-Party Defendants and to correct scrivener errors.  Grant of leave to supplement and/or amend the Answer, Affirmative Defenses, Counterclaim and Cross-Claim filed by the Jacobs Entities will promote judicial economy, avoid needlessly multiplying proceedings and allow for a complete adjudication of the claims and disputes between all parties.

## II.     ARGUMENT

Under Federal Rule of Civil Procedure 15(a) and (d), a party may move to amend or supplement a pleading by "setting forth transactions or occurrences or events that have occurred

since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). Motions to supplement pleadings are often granted as "courts in the Third Circuit generally apply the Rule 15(a) standard to Rule 15(d) motions and liberally grant leave to supplement." Hankin Family P'ship v. Upper Merion Twp., Civ. A. No. 01-1622, 2012 WL 33020 (E.D. Pa. Jan. 5, 2012) (citing Tormasi v. Hayman, No. 09-2330, 2010 WL 1878961, at *2 (D.N.J. May 7, 2010)). These standards are so similar, in fact, that a mislabeled motion to supplement may harmlessly be treated as a motion to amend and vice versa. See, e.g., Ebert v. Twp. of Hamilton, Civ. No. 15-7331, 2020 WL 948774, at *2 (D.N.J. Feb. 27, 2020).

This Court has noted that "[t]he purpose of Rule 15(d) is to serve judicial economy, avoid multiplicity of litigation, and promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." Edelson v. Cheung, Civ. A. No. 2:13-cv-5870 (JLL) (JAD), 2017 WL 4220291, at *1 (D.N.J. Sept. 22, 2017) (internal quotations omitted) (citing Hassoun v. Cimmino, 126 F. Supp. 2d 353, 360 (D.N.J. 2000)). A Court has broad discretion to grant a motion to supplement, and "[l]eave to file a supplemental complaint should be freely permitted in the absence of undue delay, bad faith, dilatory tactics, undue prejudice to defendants, or futility, and when the supplemental facts are connected to the original pleading." Id. at *1–2.

The requirements for supplementation and/or amendment of the Answer filed by the Jacobs Entities are satisfied here. In the time since the Jacobs Entities filed their Answer on January 22, 2020, the Third-Party Defendant have been joined and have appeared in this action. In its Third-Party Complaint, TWBTA seeks indemnification and contribution against Arup, Sciame, John Does 1–10 and ABC Corporations 1–10. Relief on a claim of indemnification and contribution is equally available to the Jacobs Entities against the Third-Party Defendants.

By moving to supplement or amend their Answer rather than file a separate set of Cross-Claims in an independent action, the Jacobs Entities seek "to serve judicial economy, avoid multiplicity of litigation, and promote[] as complete an adjudication of the dispute between the parties as possible," the very purposes underlying supplementing pleadings. Edelson, 2017 WL 4220291, at *1. Moreover, the Jacobs Entities' Motion to Supplement should be "freely permitted" since it will not unduly delay proceedings or cause undue prejudice to the Third-Party Defendants (let alone any other parties) since they are the same claims recently asserted by TWBTA, this action remains in its very early stages and the Motion to Supplement has been filed timely in accordance with the Pretrial Scheduling Order, dated May 13, 2020. Id. at *1–2. Nor can it be alleged that the present Motion is made in bad faith or constitutes dilatory tactics as it is being filed in accordance with the Scheduling Order issued in this matter and, before any discovery has been conducted or discovery requests have been served.

Finally, the claims for contribution are properly submitted against the Third-Party Defendants. The Jacobs Entities' claims for contribution against the Third-Party Defendants are not futile. The Jacobs Entities maintain that they are not liable, but their Cross-Claims for indemnification and contribution against the Third-Party Defendants are appropriate in the eventuality that the Jacobs Entities are held liable under Plaintiff's Complaint. Supplementation will also enable the Jacobs Entities to correct minor scrivener errors and supply the missing Answer to allegation ¶ 2 of Plaintiff's Complaint, without causing prejudice to any party.

This Motion is filed in accordance with the Scheduling Order in this action, dated May 13, 2020 (Dkt. 35), and the clarification of the Order, dated June 4, 2020.  The Motion is not opposed by Princeton and TWBTA, but is opposed by Sciame.  Arup did not respond to a request for its position on the Motion.

The Jacobs Entities have attached Exhibit A, a copy of their proposed Amended and Supplemental Answer, and Exhibit B, a redlined version of the proposed Amended and Supplemental Answer, which identifies the material to be removed from, and underlines material to be added to, the final version. Local Civ. R. 15.1(a).

## III.     CONCLUSION

For the foregoing reasons, the Jacobs Entities respectfully request that this Honorable Court issue an Order granting their Motion to Supplement and/or Amend their Answer, Affirmative Defenses, Counterclaim, and Cross-Claim, and to permit the Jacobs Entities to file the original (Exhibit A) forthwith as their Amended and Supplemental Answer.

**Dated:** **June 12, 2020**

Respectfully Submitted,

By:      /s/ Stuart M. Lederman
**RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP**
Bar No. 6620
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
Tel: 973.451.8456/Fax: 973.451.8678

**WATT TIEDER HOFFAR & FITZGERALD, LLP**
Pro Hac Vice
1765 Greensboro Station Place
Suite 1000
McLean, Virginia 22102
Tel: 703.749.1000/Fax: 703.893.8029

*Attorneys for Jacobs*
*Jacobs Architects/Engineers, Inc. and*
*Jacobs Consultancy Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of New Jersey by using the CM/ECF system. Service will be accomplished by the CM/ECF system on all counsel of record in this action.

/s/ Stephanie R. Wolfe