**RIKER DANZIG SCHERER**
  **HYLAND PERRETTI**
By: Stuart Lederman (# 6620)
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
Tel: 973.451.8456/Fax: 973.451.8678

**WATT TIEDER HOFFAR &**
  **FITZGERALD, LLP**.
By:  Kathleen Olden Barnes (pro hac vice)
1765 Greensboro Station Place, Ste. 1000
McLean, Virginia 22102
Tel: 703.749.1000 Fax: 703.893.8029
*Attorneys for Jacobs Architects/Engineers, Inc.*
 *And Jacobs Consultancy Inc*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **THE TRUSTEES OF PRINCETON UNIVERSITY** | ) ) ) ) |
| **Plaintiff,** | ) **Civil Action No. 3:19-cv-21248-** |
| **vs.** | ) **BRM-LHG** |
| **TOD WILLIAMS BILLIE TSIEN ARCHITECTS, LLP; JACOBS ARCHITECTS/ENGINEERS, INC.; and JACOBS CONSULTANCY INC.,** | ) ) ) ) ) ) ) |
| **Defendants.** | ) ) |
| **TOD WILLIAMS BILLIE TSIEN ARCHITECTS, LLP,** | ) ) ) |
| **Third-Party Plaintiff,** | ) ) |
| **vs.** | ) ) |
| **ARUP USA, INC. and F.J. SCIAME CONSTRUCTION COMPANY, INC.,** | ) ) ) |
| **Third-Party Defendants.** | ) ) |

**JACOBS ARCHITECTS/ENGINEERS, INC.'S AND
JACOBS CONSULTANCY, INC.'S AMENDED AND
SUPPLEMENTAL ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIM, AND CROSS-CLAIMS**

COME NOW Jacobs, Jacobs Architects/Engineers, Inc. ("Jacobs A/E") and Jacobs Consultancy, Inc. ("Jacobs Consultancy") (collectively, the "Jacobs Entities"), by undersigned counsel, and  submit this Amended and Supplemented Answer, Affirmative Defenses and Counterclaim and Cross-Claims in response to the Complaint filed by Plaintiff the Trustees of Princeton University ("Princeton").  In support thereof, the Jacobs Entities allege as follows:

1.      The Jacobs Entities admit only that Jacobs A/E and Jacobs Consultancy entered into sub-consultant agreements with Tod Williams Billie Tsien Architects, Inc. ("TWBTA") related to The Andlinger Center for Energy and the Environment ("the "Project"). With regard to the allegations in Paragraph 1 of the Complaint, the sub-consultant agreements are written documents that speak for themselves and are the best evidence of their terms. The Jacobs Entities deny any inconsistent characterization thereof. The Jacobs Entities admit further that Plaintiff has failed to name in its Complaint the sub-consultant to TWBTA that is responsible for all or a portion of the alleged claims and damages asserted against the Jacobs Entities. The remaining allegations of Paragraph 1 of the Complaint are denied.

2.      The Jacobs Entities are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 2 of the Complaint, and therefore, deny such allegations.

3.      The Jacobs Entities are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 3 of the Complaint, and therefore, deny such allegations.

4.     The Jacobs Entities are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 4 of the Complaint, and therefore, deny such allegations.

5.     The Jacobs Entities admit only that Jacobs A/E is a Delaware corporation with its principal office located at 777 Main Street, Fort Worth, Texas 76102. With regard to the allegations in the second sentence of Paragraph 5 of the Complaint, the sub-consultant agreement is a written document that speaks for itself and is the best evidence of its own terms. To the extent any further response is required, the Jacobs Entities deny the allegations in the second sentence of Paragraph 5 of the Complaint.

6.     The Jacobs Entities admit only that Jacobs Consultancy is a Texas corporation with an office located at 5995 Rogerdale Road, Houston, Texas. With regard to the allegations in the second sentence of Paragraph 6 of the Complaint, the sub-consultant agreement is a written document that speaks for itself and is the best evidence of its own terms. The Jacobs Entities deny any inconsistent characterization thereof. To the extent any further response is required, the Jacobs Entities deny all remaining allegations of Paragraph 6 of the Complaint.

7.     The allegations of Paragraph 7 of the Complaint constitute legal conclusions to which no response is required. To the extent any further response is required, the Jacobs Entities deny all allegations of Paragraph 7 of the Complaint.

8.     The allegations of the first sentence of Paragraph 8 of the Complaint constitute legal conclusions to which no response is required. Moreover, with regard to the allegations in the first and second sentences of Paragraph 8 of the Complaint, the Jacobs Entities are without sufficient knowledge or information to form a belief as to the allegations in Paragraph 8 of the Complaint.

To the extent any further response is required, the Jacobs Entities deny the allegations in Paragraph 8 of the Complaint.

9.     The allegations of the first and second sentences of Paragraph 9 of the Complaint constitute legal conclusions to which no response is required. Moreover, with regard to the allegations in the first sentence of Paragraph 9 of the Complaint, the sub-consultant agreement is a written document that speaks for itself and is the best evidence of its own terms. The Jacobs Entities deny any inconsistent characterization thereof. To the extent any further response is required, the Jacobs Entities deny the allegations in Paragraph 9 of the Complaint.

10.     The allegations of the first and second sentences of Paragraph 10 of the Complaint constitute legal conclusions to which no response is required. Moreover, with regard to the allegations of the first sentence in Paragraph 10 of the Complaint, the sub-consultant agreement is a written document that speaks for itself and is the best evidence of its own terms. The Jacobs Entities deny any inconsistent characterization thereof. To the extent any further response is required, the Jacobs Entities deny the allegations in Paragraph 10 of the Complaint.

11.     The allegations of Paragraph 11 of the Complaint constitute legal conclusions to which no response is required. To the extent any further response is required, the Jacobs Entities deny the allegations in Paragraph 11 of the Complaint.

12.     With regard to the allegations of the first sentence in Paragraph 12 of the Complaint, the RFP is a written document that speaks for itself and is the best evidence of its own terms. The Jacobs Entities deny any inconsistent characterization thereof. The Jacobs Entities are without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 12 of the Complaint, and therefore, deny such allegations.

13.     The Jacobs Entities are without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 13 of the Complaint, and therefore, deny such allegations.

14.     The Jacobs Entities admit only that TWBTA entered into subconsultant agreements with Jacobs A/E and Jacobs Consultancy. The subconsultant agreements are written documents that speak for themselves and are the best evidence of their terms. The Jacobs Entities deny any inconsistent characterization thereof. To the extent any further response is required, the Jacobs Entities deny the allegations of Paragraph 14 of the Complaint.

15.     The Jacobs Entities are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 15 of the Complaint, and therefore, deny such allegations.

16.     The Jacobs Entities are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 16 of the Complaint, and therefore, deny such allegations.

17.     The Design Contract is a written document that speaks for itself and is the best evidence of its own terms. The Jacobs Entities deny any inconsistent characterization thereof. To the extent any further response is required, the Jacobs Entities deny the allegations of Paragraph 17 of the Complaint.

18.     The Design Contract is a written document that speaks for itself and is the best evidence of its own terms. The Jacobs Entities deny any inconsistent characterization thereof. To the extent any further response is required, the Jacobs Entities deny the allegations of Paragraph 18 of the Complaint.

19.     The Design Contract is a written document that speaks for itself and is the best evidence of its own terms. The Jacobs Entities deny any inconsistent characterization thereof. To the extent any further response is required, the Jacobs Entities deny the allegations of Paragraph 19 of the Complaint.

20.     The Design Contract is a written document that speaks for itself and is the best evidence of its own terms. The Jacobs Entities deny any inconsistent characterization thereof. To the extent any further response is required, the Jacobs Entities deny the allegations of Paragraph 20 of the Complaint.

21.     The Design Contract is a written document that speaks for itself and is the best evidence of its own terms. The Jacobs Entities deny any inconsistent characterization thereof. To the extent any further response is required, the Jacobs Entities deny the allegations of Paragraph 21 of the Complaint.

22.     The Design Contract is a written document that speaks for itself and is the best evidence of its own terms. The Jacobs Entities deny any inconsistent characterization thereof. To the extent any further response is required, the Jacobs Entities deny the allegations of Paragraph 22 of the Complaint.

23.     The Design Contract is a written document that speaks for itself and is the best evidence of its own terms. The Jacobs Entities deny any inconsistent characterization thereof. To the extent any further response is required, the Jacobs Entities deny the allegations of Paragraph 23 of the Complaint.

24.     The Design Contract is a written document that speaks for itself and is the best evidence of its own terms. The Jacobs Entities deny any inconsistent characterization thereof. To

the extent any further response is required, the Jacobs Entities deny the allegations of Paragraph 24 of the Complaint.

25.     The Design Contract is a written document that speaks for itself and is the best evidence of its own terms. The Jacobs Entities deny any inconsistent characterization thereof. To the extent any further response is required, the Jacobs Entities deny the allegations of Paragraph 25 of the Complaint.

26.     The Design Contract is a written document that speaks for itself and is the best evidence of its own terms. The Jacobs Entities deny any inconsistent characterization thereof. To the extent any further response is required, the Jacobs Entities deny the allegations of Paragraph 26 of the Complaint.

27.     The Design Contract is a written document that speaks for itself and is the best evidence of its own terms. The Jacobs Entities deny any inconsistent characterization thereof. To the extent any further response is required, the Jacobs Entities deny the allegations of Paragraph 27 of the Complaint.

28.     The Design Contract is a written document that speaks for itself and is the best evidence of its own terms. The Jacobs Entities deny any inconsistent characterization thereof. To the extent any further response is required, the Jacobs Entities deny the allegations of Paragraph 28 of the Complaint.

29.     The Design Contract is a written document that speaks for itself and is the best evidence of its own terms. The Jacobs Entities deny any inconsistent characterization thereof. To the extent any further response is required, the Jacobs Entities deny the allegations of Paragraph 29 of the Complaint.

30.     The Design Contract is a written document that speaks for itself and is the best evidence of its own terms. The Jacobs Entities deny any inconsistent characterization thereof. To the extent any further response is required, the Jacobs Entities deny the allegations of Paragraph 30 of the Complaint.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     The Jacobs Entities are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 37 of the Complaint, and therefore, deny such allegations.

38.     The Jacobs Entities are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 38 of the Complaint, and therefore, deny such allegations.

39.     The Jacobs Entities are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 39 of the Complaint, and therefore, deny such allegations.

40.     The Jacobs Entities are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 40 of the Complaint, and therefore, deny such allegations.

41.     The Jacobs Entities are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 41 of the Complaint, and therefore, deny such allegations.

42.     The Jacobs Entities are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 42 of the Complaint, and therefore, deny such allegations.

43.     The Jacobs Entities are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 43 of the Complaint, and therefore, deny such allegations.

44.     The Jacobs Entities are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 44 of the Complaint, and therefore, deny such allegations.

45.     The Jacobs Entities are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 45 of the Complaint, and therefore, deny such allegations.

46.     The Jacobs Entities are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 46 of the Complaint, and therefore, deny such allegations.

47.     The Jacobs Entities are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 47 of the Complaint, and therefore, deny such allegations.

48.     Denied.

49.     The Jacobs Entities are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 49 of the Complaint, and therefore, deny such allegations.

50.     The Jacobs Entities are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 50 of the Complaint, and therefore, deny such allegations.

51.     Denied.

52.     The allegations of Paragraph 52 of the Complaint constitute legal conclusions to which no response is required. To the extent any further response is required, the Jacobs Entities deny the allegations of Paragraph 52 of the Complaint.

53.     The Jacobs Entities are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 53 of the Complaint, and therefore, deny such allegations.

54.     The Jacobs Entities are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 54 of the Complaint, and therefore, deny such allegations.

55.     The Jacobs Entities are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 55 of the Complaint, and therefore, deny such allegations.

56.     The Jacobs Entities are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 56 of the Complaint, and therefore, deny such allegations.

57.     The allegations of Paragraph 57 of the Complaint constitute legal conclusions to which no response is required. To the extent any further response is required, the Jacobs Entities deny the allegations of Paragraph 57 of the Complaint.

58.     The Jacobs Entities are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 58 of the Complaint, and therefore, deny such allegations.

59.     The Jacobs Entities admit only that ASI 36 addressed a change in the clean room, and that the clean room was equipped with an advanced air filtration system, otherwise denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

## <u>COUNT ONE</u>
**(Breach of Contract Claim Against TWBTA)**

69.     The Jacobs Entities repeat and incorporate by reference their responses to Paragraphs 1 through 68 above, as if fully set forth herein.

70.     The allegations of Count One, at Paragraphs 70 – 72 of the Complaint, including the unnumbered Wherefore clause, are not asserted against the Jacobs Entities, and therefore,

require no response. To the extent any further response is required, the Jacobs Entities deny the allegations in Count One, Paragraph 70 of the Complaint.

71.     The allegations of Count One, at Paragraphs 70 – 72 of the Complaint, including the unnumbered Wherefore clause, are not asserted against the Jacobs Entities, and therefore, require no response. To the extent any further response is required, the Jacobs Entities deny the allegations in Count One, Paragraph 71 of the Complaint.

72.     The allegations of Count One, at Paragraphs 70 – 72 of the Complaint, including the unnumbered Wherefore clause, are not asserted against the Jacobs Entities, and therefore, require no response. To the extent any further response is required, the Jacobs Entities deny the allegations in Count One, Paragraph 72 of the Complaint and in the unnumbered Wherefore clause.

## COUNT TWO
### (Negligence Claim Against TWBTA)

73.     The Jacobs Entities repeat and incorporate by reference their responses to Paragraphs 1 through 72 above, as if fully set forth herein.

74.     The allegations of Count Two, at Paragraphs 74 - 77 of the Complaint, including the unnumbered Wherefore clause, are not asserted against the Jacobs Entities, and therefore, require no response. To the extent any further response is required, the Jacobs Entities deny the allegations in Count Two, Paragraph 74 of the Complaint.

75.     The allegations of Count Two, at Paragraphs 74 - 77 of the Complaint, including the unnumbered Wherefore clause, are not asserted against the Jacobs Entities, and therefore, require no response. To the extent any further response is required, the Jacobs Entities deny the allegations in Count Two, Paragraph 75 of the Complaint.

76.     The allegations of Count Two, at Paragraphs 74 - 77 of the Complaint, including the unnumbered Wherefore clause, are not asserted against the Jacobs Entities, and therefore,

require no response. To the extent any further response is required, the Jacobs Entities deny the allegations in Count Two, Paragraph 76 of the Complaint.

77.     The allegations of Count Two, at Paragraphs 74 - 77 of the Complaint, including the unnumbered Wherefore clause, are not asserted against the Jacobs Entities, and therefore, require no response. To the extent any further response is required, the Jacobs Entities deny the allegations in Count Two, Paragraph 77 of the Complaint, and in the unnumbered Wherefore clause.

## COUNT THREE
### (Declaratory Judgement – Indemnification Claim Against TWBTA)

78.     The Jacobs Entities repeat and incorporate by reference their responses to Paragraphs 1 through 77 above, as if fully set forth herein.

79.     The allegations of Count Three, at Paragraphs 79 - 82 of the Complaint, including the unnumbered Wherefore clause, are not asserted against the Jacobs Entities, and therefore, require no response. To the extent any further response is required, the Jacobs Entities deny the allegations in Count Three, Paragraphs 79 of the Complaint.

80.     The allegations of Count Three, at Paragraphs 79 - 82 of the Complaint, including the unnumbered Wherefore clause, are not asserted against the Jacobs Entities, and therefore, require no response. To the extent any further response is required, the Jacobs Entities deny the allegations in Count Three, Paragraphs 80 of the Complaint.

81.     The allegations of Count Three, at Paragraphs 79 - 82 of the Complaint, including the unnumbered Wherefore clause, are not asserted against the Jacobs Entities, and therefore, require no response. To the extent any further response is required, the Jacobs Entities deny the allegations in Count Three, Paragraphs 81 of the Complaint.

82.     The allegations of Count Three, at Paragraphs 79 - 82 of the Complaint, including the unnumbered Wherefore clause, are not asserted against the Jacobs Entities, and therefore, require no response. To the extent any further response is required, the Jacobs Entities deny the allegations in Count Three, Paragraphs 82 of the Complaint and in the unnumbered Wherefore clause.

## COUNT FOUR
### (Third Party Beneficiary Breach of Contract Claim Against the Jacobs Entities)

83.     The Jacobs Entities repeat and incorporate by reference their responses to Paragraphs 1 through 82 above, as if fully set forth herein.

84.     The sub-consultant agreements are written documents that speak for themselves and are the best evidence of their own terms. The Jacobs Entities deny any inconsistent characterization thereof. To the extent any further response is required, the Jacobs Entities deny the allegations of Paragraph 84 of the Complaint.

85.     Denied.

86.     Denied.

87.     Denied.

The Jacobs Entities deny each and every allegation of Plaintiff's unnumbered Wherefore clause and Prayer for Relief.

## COUNT FIVE
### (Negligence Claim Against the Jacobs Entities)

88.     The Jacobs Entities repeat and incorporate by reference their responses to Paragraphs 1 through 87 above, as if fully set forth herein.

89.     Denied.

90.    The allegations of Paragraph 90 of the Complaint constitute legal conclusions to which no response is required. To the extent any further response is required, the Jacobs Entities deny the allegations of Paragraph 90 of the Complaint.

91.    Denied.

92.    Denied. The Jacobs Entities further deny each and every allegations in the unnumbered Wherefore clause.

The Jacobs Entities deny each and every allegation of Plaintiff's unnumbered Wherefore clause and Prayer for Relief.

## **AFFIRMATIVE DEFENSES**

1.    The Complaint fails to state a cause of action against the Jacobs Entities upon which relief can be granted.

2.    Plaintiff's negligence claims are barred from recovery under the gist of the action and economic loss doctrines.

3.    Plaintiff's negligence claims are barred from recovery because the Jacobs Entities never breached any duty owed to Plaintiff.

4.    Plaintiff's claims are barred from recovery because there are no monies due and owing from the Jacobs Entities to Plaintiff.

5.    Plaintiff's claims are barred from recovery to the extent Plaintiff materially breached its duties and obligations under the contract.

6.    Plaintiff's claims are barred from recovery due to Plaintiff's failure to mitigate its damages.

7.    Plaintiff's claims are subject to set-off, recoupment, or backcharges.

8.    Plaintiff's claims are barred from recovery by the doctrines of waiver and estoppel.

9.      Plaintiff's claims are barred from recovery by the doctrines of payment and accord and satisfaction.

10.     Plaintiff's claims are barred from recovery by the limitations on the liability of the Jacobs Entities included in their sub-consultant agreements.

11.     Plaintiff's claims are barred from recovery by the statute of limitations.

12.     Plaintiff's claims are barred from recovery due to failure of consideration, and failure to meet preconditions to recovery.

13.     Plaintiff's claims are barred, in whole or in part, because the conduct of one or more third parties was the sole proximate cause, superseding and/or intervening cause of the damages, if any, complained of by the Plaintiff.

14.     Plaintiff's claims are barred, in whole or in part, because the conduct of one or more third parties solely caused and/or contributed to the damages, if any, complained of by the Plaintiff.

15.     The Jacobs Entities reserve the right to assert any other defenses as may be developed through discovery or trial.

**WHEREFORE**, having fully answered, Jacobs Architects/Engineers, Inc. and Jacobs Consultancy Inc. request this Honorable Court to enter judgment in favor of Jacobs Architects & Engineers, Inc. and Jacobs Consultancy, Inc. and against Plaintiff, the Trustees of Princeton University, with an award of costs, including attorneys' fees, interest, and such other relief as this Honorable Court may deem just and proper.

**JACOBS ARCHITECTS & ENGINEERS, INC.'S
AND JACOBS CONSULTANCY, INC.'S COUNTERCLAIM AGAINST PRINCETON
AND CROSS-CLAIMS AGAINST TWBTA, ARUP, SCIAME, JOHN DOES 1–10, AND
ABC CORPORATIONS 1–10**

### A. Overview

1. Counterclaim and Cross-Plaintiffs Jacobs A&E and Jacobs Consultancy bring this Counterclaim and Cross-Claims for Breach of Contract against Counterclaim Defendant, the Trustees of Princeton University and for Breach of Contract and Quantum Meruit against Cross-Claim Defendants, Tod Williams Billie Tsien Architects, Inc. for failure to make payment for work properly performed, and against Arup, USA, Inc. ("Arup"), F.J. Sciame Construction Company, Inc. ("Sciame"), John Does 1–10, and ABC Corporations 1–10, for contribution and indemnification.

### B. The Parties

2. Jacobs A&E is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 777 Main Street, Fort Worth, Texas 76102.

3. Jacobs Consultancy is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 5995 Rogerdale Road, Houston, Texas 77072.

4. Upon information and belief, Princeton is an education institution, existing under the laws of the State of New Jersey, with its principal place of business located at One Nassau Hall, Princeton University, Princeton, New Jersey 08544.

5. Upon information and belief, TWBTA is a limited liability partnership organized under the laws of the State of New York, with its principal place of business located at 222 Central Park South, New York, New York 10019.

6.      Upon information and belief, Arup conducts business at 77 Water Street, New York, New York 10005, and it entered into a contract with TWBTA or otherwise agreed with TWBTA to perform as the mechanical, electrical, and plumbing engineering consultant on the project.

7.      Upon information and belief, Sciame conducts business at 14 Wall Street, 2nd Floor, New York, New York 10005, and it entered into a Guaranteed Maximum Price ("GMP") Construction Services Contract with Plaintiff to provide construction services on the Project in accordance with the contract documents that included the TWBTA plans and specifications.

8.      Upon information and belief, Third-Party Defendants John Does 1–10 are individuals who contracted with Plaintiff, Arup, Sciame, TWBTA or some other project participant to provide design, construction, professional, consulting or management services on the subject Project.

9.      Upon information and belief, Third-Party Defendants ABC Corporations 1–10 are corporations, partnerships, or other business entities that contracted with Plaintiff, Arup, Sciame, TWBTA or some other project participant to provide design, construction, professional, consulting or management services on the subject Project.

**C.      Jurisdiction and Venue**

10.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 with respect to Counterclaim and Cross-Claims because there is complete diversity of citizenship among the original parties to Plaintiff's Complaint and the amount in controversy exceeds $75,000, excluding interest and costs.

11.     The Cross-Claims against Arup, Sciame, John Does 1–10, and ABC Corporations 1–10 are substantially related to the claims at issue in the Complaint and this Court has supplemental jurisdiction over the same.

12.     Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and omissions giving rise to the claims asserted herein occurred in this judicial district. Venue is also proper in this District as each of the Defendants have agreed to the exclusive jurisdiction of the State and federal courts of New Jersey for any action related to the Project.

**D.      Factual Allegations Common to All Counts**

13.     Upon information and belief, in 2008, Princeton issued a Request for Proposals for the design and construction of the Project.

14.     Upon information and belief, in February 2009, Princeton entered into an architectural design contract (the "Design Contract") with TWBTA for services related to the Project.  Article VI(c)(3) of the Design Contract requires TWBTA to include a provision naming Princeton as a third-party beneficiary in each of its agreements with any sub-consultants for work to be performed related to the Project.  Furthermore, in Article VI(e)(2) of the Design Contract, Princeton provides its express approval to TWBTA to contract with Jacobs A/E and Jacobs Consultancy to perform work related to the Project.

15.     In furtherance of the Design Contract and Princeton's express approval, TWBTA entered into an Agreement Between Architect and Consultant, as amended, with Jacobs A/E, dated January 9, 2012, for the performance of services related to the laboratory spaces in the Project ("Jacobs A/E Subconsultant Agreement").  In accordance with the requirements of the Design Contract, Princeton is named as a third-party beneficiary of the Jacobs A/E Subconsultant

Agreement. A copy of the Jacobs A/E Subconsultant Agreement, dated January 9, 2012 is attached hereto as Exhibit A.

16.     In furtherance of the Design Contract and Princeton's express approval, TWBTA entered into an Agreement Between Architect and Consultant with Jacobs Consultancy, dated October 10, 2014, for the performance of services related to the laboratory spaces in the Project ("Jacobs Consultancy Subconsultant Agreement").  In accordance with the requirements of the Design Contract, Princeton is named as a third-party beneficiary of the Jacobs A/E Subconsultant Agreement. A copy of the Jacobs Consultancy Subconsultant Agreement, dated January 9, 2012 is attached hereto as Exhibit B.

17.     Article 3.4 of the Jacobs A/E Subconsultant Agreement and the Jacobs Consultancy Sub-Consultant Agreement provides for Jacobs A/E to submit monthly invoices for payment for their fee, for work billed at hourly rates, for the reimbursement of expenses incurred in the performance of the work.

18.     Pursuant to Article 3.5 of the Jacobs A/E Subconsultant Agreement and the Jacobs Consultancy Sub-Consultant Agreement, the invoices submitted by Jacobs are to be paid by TWBTA within ten (10) days of receipt of payment from Princeton.  Article 3.5(a) provides, however, that the Jacobs Entities are to be paid within 30 days of TWBTA's receipt of any invoice, notwithstanding receipt of payment from Princeton, where Princeton's failure and refusal to make all or any portion of the payment is the result of acts or omissions that are the responsibility of TWBTA or its sub-consultants, not including the Jacobs Entities.

19.     Jacobs A/E and Jacobs Consultancy properly performed their services in accordance with the Jacobs A/E Sub-Consultant Agreement and the Jacobs Consultancy Sub-Consultant Agreement, documented and recorded the hours and work performed and expenses

incurred and timely submitted invoices. Princeton and TWBTA have failed and refused to pay Jacobs A/E and Jacobs Consultancy for their work and services performance and to reimburse expenses in accordance with the Jacobs A/E and Jacobs Consultancy Sub-Consultant Agreements. Princeton and TWBTA's refusal to pay the Jacobs Entities is not justified or otherwise properly based on any acts, failure to act or omission by either or both of the Jacobs Entities.

20. Upon information and belief, Arup's scope of services included, but were not limited to, providing designs that TWBTA incorporated into the plans and specifications, responding to requests for information, reviewing shop drawings/submittals, and reviewing change order requests related to its scope of services on the Project.

21. Upon information and belief, Arup, alone, or in concert with Defendants other than the Jacobs Entities and/or the Plaintiff, failed and/or refused to perform in accordance with the requirements of its subcontract with TWBTA, thereby causing the delays and damages complained of by the Plaintiff in its Complaint.

22. Upon information and belief, Arup, alone or in concert with Defendants other than the Jacobs Entities and/or the Plaintiff, made decisions and substitutions altering the requirements, recommendations and/or selections made by Jacobs A/E and/or Jacobs Consultancy, and failed to coordinate with, or notify either or both of the Jacobs Entities of these decisions and substitutions, thereby causing the delays and damages complained of by the Plaintiff in its Complaint.

23. Upon information and belief, Sciame, alone, or in concert with Defendants other than the Jacobs Entities and/or the Plaintiff, failed and/or refused to perform in accordance with the requirements of the contract documents, which included the TWBTA plans and specifications, thereby causing the delays and damages complained of by the Plaintiff in its Complaint.

24.     Upon information and belief, Sciame, alone or in concert with Defendants other than the Jacobs Entities and/or the Plaintiff, made incorporated changes in the Project that were not in conformance with the contract documents, which included the TWBTA plans and specifications, and failed to coordinate with, or notify, either or both of the Jacobs Entities in advance of the changes, thereby causing the delays and damages complained of by the Plaintiff in its Complaint.

25.     Upon information and belief, Sciame, alone or in concert with Defendants other than the Jacobs Entities and/or Plaintiff, submitted numerous unnecessary change orders and requests for information, thereby causing the damages complained of by the Plaintiff in its Complaint..

**COUNT ONE**
**(Breach of Contract Against Princeton and TWBTA)**

26.     The Jacobs Entities hereby restate and reallege the allegations set forth in Paragraphs 1 through 25 above and incorporates them by reference as if fully stated herein.

27.     TWBTA entered into written contracts with Jacobs A/E and Jacobs Consultancy to pay for consulting services rendered on a time and materials basis. Princeton is a third-party beneficiary named in the sub-consultant agreements between TWBTA and Jacobs A/E and TWBTA and Jacobs Consultancy.

28.     Jacobs A/E performed services for Princeton and TWBTA in accordance with the terms of the Jacobs A/E Sub-Consultant Agreement.

29.     Jacobs Consultancy performed services for Princeton and TWBTA in accordance with the terms of the Jacobs Consultancy Sub-Consultant Agreement.

30.     The Jacobs Entities have demanded payment for all fees, unpaid services and unreimbursed expenses incurred and rendered to Princeton and TWBTA, and by the filing of this Counterclaim and Cross-Claim hereby demand payment of the unpaid sums.

31.     Princeton and TWBTA have materially breached the sub-consultant agreements

with the Jacobs Entities by failing and refusing to make full payment for the fees, services and expenses.

**WHEREFORE** Jacobs A/E and Jacobs Consultancy demand judgment on this Count against Princeton and TWBTA for monetary damages in an amount not less than $315,000 to be proven at trial, and for attorneys' fees, costs, pre-judgment and post-judgment interest, at the highest rate permitted under New Jersey law, and such other relief as this Honorable Court may deem just and proper.

## COUNT TWO
## (Quantum Meruit Against TWBTA)

32.     The Jacobs Entities hereby restate and reallege the allegations set forth in Paragraphs 1 through 31 above and incorporates them by reference as if fully set forth herein.

33.     The Jacobs Entities assert this action for Quantum Meruit against TWBTA in the alternative and only to the extent that this Court finds that no Contract exists between Jacobs A/E and TWBTA and Jacobs Consultancy and TWBTA under which Jacobs A/E and Jacobs Consultancy may recover all fees, costs and expenses incurred to complete the Project.

34.     TWBTA requested services from Jacobs A/E and Jacobs Consultancy related to the Project and its Design Contract with Princeton as set forth in the Jacobs A/E Sub-Consultant Agreement and the Jacobs Consultancy Sub-Consultant Agreement. TWBTA agreed to pay Jacobs A/E and Jacobs Consultancy for those services, including their fee, and to reimburse the Jacobs Entities for Project-related expenses.

35.     The Jacobs Entities provided the services requested by TWBTA in good faith and in reliance upon TWBTA's promises to compensate the Jacobs Entities for the work. The reasonable value of those services, including reasonable fee and related expenses, is at least $315,000. Accordingly, Jacobs A/E and Jacobs Consultancy are entitled to the reasonable value of the services performed for, and provided to, TWBTA, for which TWBTA has failed and refused to make payment.

**WHEREFORE** Jacobs A/E and Jacobs Consultancy demand judgment on this Count against TWBTA for monetary judgment in an amount not less than $350,000 to be proven at trial, and for attorneys' fees, costs, pre-judgment and post-judgment interest, at the highest rate permitted under New Jersey law, and such other relief as this Honorable Court may deem just and proper.

**COUNT THREE**

**(Implied, Equitable and Comparative Indemnification Cross-Claim Against Arup, Sciame, John Does 1–10, and ABC Corporations 1–10)**

36.     The Jacobs Entities hereby restate and reallege the allegations set forth in Paragraphs 1 through 35 above and incorporate them by reference as if fully set forth herein.

37.     The Jacobs Entities deny all legal liability and responsibility for the acts alleged in Plaintiff's Complaint.

38.     The Jacobs Entities contend that they are in no way legally responsible for the events giving rise to the Plaintiff's causes of action, or legally responsible in any other manner for the damages allegedly sustained by the Plaintiff. If as a result of the matters alleged in Plaintiff's Complaint, however, the Jacobs Entities, or either of them, are held liable for all or any part of the claims or damages asserted against them by the Plaintiff, cross-defendants, including, without limitation, Arup and Sciame, and each of them, to the extent that their fault was a proximate cause of Plaintiff's damages and/or losses, are responsible for said damages and/or losses in proportion to each cross-defendants' comparative fault and negligence and the Jacobs Entities are entitled to a determination of several liability.

39.     If the Jacobs Entities should be found liable to Plaintiff herein, which liability is denied, such liability is secondary, constructive, vicarious, passive, technical, or imputed and the liability of the other Defendants including Arup, Sciame, John Does 1–10, and/or ABC Corporations 1–10, is primary, active, and direct, and such Defendants are obligated by operation of law, contract, and otherwise to indemnify and defend and hold harmless Jacobs A/E and/or

Jacobs Consultancy from any and all claims which are the subject of Plaintiff's Complaint and for which they are liable.

40.     The Jacobs Entities contend that they are in no way legally responsible for the alleged acts, omissions and/or events giving rise to Plaintiff's action and are in no way legally responsible in any manner for the damages allegedly sustained by Plaintiff. If the Jacobs Entities are held to be liable for all or any part of the claim for damages asserted against them by the Plaintiff, then the Jacobs Entities are informed and believe, and, based upon such information and belief, allege that the cross-defendants, including, without limitation, Arup and Sciame, and each of them, were negligent, breached their duties and obligations, and/or breached their contracts and/or agreements. The Jacobs Entities are informed and believe that the acts of the cross-defendants, and each of them, were the proximate cause of the alleged damages and/or losses to Plaintiff.

41.     The Jacobs Entities are entitled to indemnity from cross-defendants, including, without limitation, Arup and Sciame, and each of them, for all costs, fees, expenses, settlements and judgments paid by and incurred by the Jacobs Entities in connection with this litigation.

**WHEREFORE**, the Jacobs Entities herein demand judgment on this Count Three against Arup, Sciame, John Does 1–10, and/or ABC Corporations 1–10 for common law, equitable and comparative indemnification.

## COUNT FOUR
### (Declaratory Relief Against Arup, Sciame, John Does 1–10, and ABC Corporations 1–10)

42.     The Jacobs Entities hereby restate and reallege the allegations set forth in Paragraphs 1 through 41 above and incorporate them by reference as if fully set forth herein.

43.     An actual controversy has arisen between the Jacobs Entities and cross-defendants, including, without limitation, Arup and Sciame, and each of them, with respect to the rights, obligations and duties of the parties. The Jacobs Entities contend that they are without fault, responsibility or blame for any of the damages that Princeton alleges it has suffered. Rather, these

acts were committed by the cross-defendants, or either of them. The Jacobs Entities contend that they are entitled to indemnity from the cross-defendants, and each of them. The Jacobs Entities are informed and believe, and therefore, allege that the cross-defendants, and each of them, contend to the contrary.

WHEREFORE, the Jacobs Entities pray for a declaration of their rights and duties.

## COUNT FIVE
**(Contribution Cross-Claim Against Arup, Sciame,**
**John Does 1–10, and ABC Corporations 1–10)**

44.     The Jacobs Entities hereby restate and reallege the allegations set forth in Paragraphs 1 through 43 above and incorporate them by reference as if fully set forth herein.

45.     If either or both of the Jacobs Entities should be found liable to Plaintiff, which liability is denied, the Jacobs Entities assert that the cross-defendants including Arup, Sciame, John Does 1–10, and/or ABC Corporations 1–10, are joint tortfeasors with respect to any loss, liability, or expense on account of the Plaintiff's Complaint.

WHEREFORE, the Jacobs Entities herein demand judgment on this Count against Arup, Sciame, John Does 1–10, and/or ABC Corporations 1–10, in accordance with the provisions of the New Jersey Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1, et. seq., and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et seq.

## DEMAND FOR A JURY TRIAL

Jacobs A/E and Jacobs Consultancy demand a jury trial for all issues so triable.

**Dated:** June 12, 2020

Respectfully Submitted,


By:      _____

**RIKER DANZIG SCHERER
HYLAND PERRETTI**
Bar No. 6620
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
Tel: 973.451.8456/Fax: 973.451.8678

**WATT TIEDER HOFFAR &
  FITZGERALD, LLP**.
By:  Kathleen Olden Barnes
1765 Greensboro Station Place, Ste. 1000
McLean, Virginia 22102
Tel: 703.749.1000 Fax: 703.893.8029

*Attorneys for Jacobs Architects/Engineers, Inc.
 And Jacobs Consultancy Inc.*
.

## CERTIFICATE OF SERVICE

This is to certify that on the 12th day of June 2020, a true and correct copy of the foregoing Jacobs Architects & Engineers, Inc.'s and Jacobs Consultancy, Inc.'s Amended and Supplemental Answer, Affirmative Defenses, Counterclaim and Cross-Claims was served via ECF upon all counsel of record.


_____