# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE TRUSTEES OF PRINCETON UNIVERSITY,<br><br>              Plaintiff,<br><br>              v.<br><br>TOD WILLIAMS BILLIE TSIEN ARCHITECTS, LLP; JACOBS ARCHITECTS/ENGINEERS, INC.; and JACOBS CONSULTANCY INC.,<br><br>              Defendants.<br>------------------------------------------------------------<br>TOD WILLIAMS BILLIE TSIEN ARCHITECTS, LLP,<br><br>              Third-Party Plaintiff,<br><br>              v.<br><br>ARUP USA, INC. and F.J. SCIAME CONSTRUCTION COMPANY, INC.<br><br>              Third-Party Defendants. | Civil Action No. 3:19-cv-21248 (BRM)(LHG)<br><br>**Motion Date: July 6, 2020** |

**Third-Party Defendant F.J. Sciame Construction Company, Inc's Memorandum of Law in Opposition to Jacobs Architects/Engineers, Inc. and Jacobs Consultancy, Inc.'s Motion to Supplement and/or Amend**

## **Table of Contents**

INTRODUCTION ........................................................................................................ 1

STATEMENT OF FACTS ........................................................................................... 1

LEGAL STANDARD ................................................................................................... 3

   A. Legal Standard on a Motion to Amend .......................................................... 3

   B. The Jacobs Defendants' Proposed Amendments Against Sciame Fail to State a Claim Upon Which Relief Could be Granted and are Therefore Futile ............. 4

      1. The Jacob Defendants' Claim for Indemnification Must Fail Because There is No Special Relationship Between the Parties ............................................... 4

      2. The Jacobs Defendants' Claim for Contribution Must Fail Because Sciame is Not a Joint Tortfeasor ....................................................................................... 7

CONCLUSION ............................................................................................................12

# Table of Authorities

Page(s)

Cases

*Ford Motor Co. v. Edgewood Props.*
   2008 U.S. Dist. LEXIS 84776 (D.N.J. Oct. 16, 2008) ................................... 5, 6

*Ford Motor Co. v. Edgewood Props.*
   U.S. Dist. LEXIS 80191 (D.N.J. Oct. 8, 2008) ................................................ 10

*Great W. Mining & Mineral Co. v. Fox Rothschild LLP*
   615 F.3d 159 (3d Cir. 2010) ......................................................................... 3, 4

*Harter v. GAF Corp.*
   150 F.R.D. 502 (D.N.J. 1993) .......................................................................... 4

*Kornblith v. Rothe*
   1991 U.S. Dist. LEXIS 711 (D.N.J. Jan. 23, 1991) ........................................... 9

*Longport Ocean Plaza Condo., Inc. v. Robert Cato & Assocs.*
   2002 U.S. Dist. LEXIS 16334 (E.D. Pa. Aug. 29, 2002) ................................... 9

*McIlwaine v. Am. Honda Motor Co.*
   2010 U.S. Dist. LEXIS 4679 (D.N.J. Jan. 19, 2010) ....................................... 11

*Meyers v. Heffernan*
   2014 U.S. Dist. LEXIS 92117 (D.N.J. July 7, 2014) ......................................... 9

*Mobile Dredging & Pumping Co. v. City of Gloucester*
   2005 U.S. Dist. LEXIS 16601 (D.N.J. Aug. 4, 2005) ...................................... 11

*Premier Health Assocs., LLC v. Med. Tech. Sols.*
   2019 U.S. Dist. LEXIS 57243 (D.N.J. Apr. 3, 2019) ......................................... 7

*SGS U.S. Testing Co. v. Takata Corp.*
   2012 U.S. Dist. LEXIS 102650 (D.N.J. July 24, 2012) ..................................... 6

*State Capital Title & Abstract Co. v. Pappas Bus. Servs., LLC*
   646 F. Supp. 2d 668 (D.N.J. 2009) ............................................................. 3, 4

*Theobald v. Angelos*
   44 N.J. 228 (N.J. 1965) .................................................................................. 11

*Verni ex rel. Burstein v. Harry M. Stevens, Inc.*
   387 N.J.Super. 160 (App. Div. 2006) .......................................................... 11, 12

*Wartsila NSD N. Am., Inc. v. Hill Int'l, Inc.*
   2004 U.S. Dist. LEXIS 28921 (D.N.J. June 22, 2004) ...................................... 11

*Wundrack v. Armstrong World Indus., Inc.*
   1991 U.S. Dist. LEXIS 14526 (D.N.J. May 28, 1991) ........................................ 8

<u>Statutes</u>

N.J.S.A. 2A:53A-1 ................................................................................................. 8

N.J.S.A. 2A:53A-3 ................................................................................................. 8

**INTRODUCTION**

Third-Party Defendant F.J. Sciame Construction Company, Inc. ("Sciame") respectfully submits this memorandum of law, along with the Declaration of Emily D. Anderson dated June 22, 2020 ("Anderson Dec.") in opposition to Defendant Jacobs Architects/Engineers, Inc. and Jacobs Consultancy, Inc.'s ("Jacobs Defendants") Motion to Supplement and/or Amend the Answer, Affirmative Defenses, Counterclaim and Cross-Claim ("Motion to Amend") (Document 42). The Jacobs Defendants seek to amend their pleadings by adding claims against Sciame for indemnity and contribution. Because these claims against Sciame are without basis in law, under Third Circuit precedent, the amendments should not be permitted and the motion denied.

**STATEMENT OF FACTS**

As the Court is aware, this litigation arises out of a construction project for the for the design and construction of the Andlinger Center for Energy and the Environment (the "Project"), a new state-of-the-art building for Plaintiff The Trustees of Princeton University ("Plaintiff" or "Princeton"). (Anderson Dec., Exh. A, ¶ 12). Princeton, as owner, contracted with Third-Party Plaintiff Tod Williams Billie Tsien Architects, LLP ("TWBTA") to perform architectural design services. (Anderson Dec., Exh. A, ¶ 13). TWBTA, in turn, entered into subconsultant agreements with the Jacobs Defendants for design services. (Anderson Dec., Exh.

A, ¶ 14).  Princeton also separately contracted with Sciame to perform construction management services.  (Anderson Dec., Exh. A, ¶ 15).  At no point did the Jacobs Defendants and Sciame ever enter into any contract or agreement with each other related to the Project.

On December 10, 2019, Princeton commenced litigation against the Jacobs Defendants, among others, alleging breach of contract and negligence. (Anderson Dec., Exh. A, ¶¶ 83-92).  In its breach of contract cause of action, Princeton alleges that it was a third-party beneficiary to the contract between TWBTA and the Jacobs Defendants, and that the Jacobs Defendants breached their contract with TWBTA by "failing to adequately consult on and evaluate technical considerations related to the design and construction of the Project and to coordinate their services with those of TWBTA so as to prevent the numerous errors, omissions, delays and other defects that developed on the Project."  (Anderson Dec., Exh. A, ¶ 85).  By its terms, this claim had nothing to do with Sciame's work on the Project.

In its negligence cause of action, Princeton alleges that the Jacobs Defendants breached their duty of care to perform their "technical engineering and/or architectural work in accordance with the reasonable standard of care expected of similarly situated professionals performing such work on comparable projects."   (Anderson Dec., Exh. A, ¶ 90). Again, this claim has no relation whatsoever to Sciame's work on the Project.

On January 21, 2020, the Jacobs Defendants filed their Answer with Counterclaims and Cross-Claims, which alleged no causes of action against Sciame (the "Answer"). However, the Jacobs Defendants now seek to supplemental and/or amend their Answer to include cross-claims against Sciame for indemnification and contribution. The Jacobs Defendants' Motion to Amend must be denied because these claims against Sciame are futile, and therefore under Third Circuit precedent, the amendments should not be permitted.

**LEGAL STANDARD**

**A. Legal Standard on a Motion to Amend**

The Court has discretion to deny a motion for leave to amend a pleading pursuant to FRCP 15 when the amendment would be futile. *See State Capital Title & Abstract Co. v. Pappas Bus. Servs., LLC*, 646 F. Supp. 2d 668, 680 (D.N.J. 2009). "Under Rule 15(a), futility of amendment is a sufficient basis to deny leave to amend. Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted. The standard for assessing futility is the same standard of legal sufficiency as applies under Federal Rule of Civil Procedure 12(b)(6)." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010) (internal citations and brackets omitted); *see also State Capital Title & Abstract Co.*, 646 F. Supp. 2d at 680 (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) ("Under Third Circuit precedent, a

futile amendment is one that fails to state a claim upon which relief could be granted."). Here, the Court should deny the Jacobs Defendants' Motion to Amend because the proposed amendments against Sciame fail to state a cause of action and are therefore futile. *See Great W. Mining & Mineral Co.*, 615 F.3d at 179 (affirming lower court's denial of motion for leave to amend because the amendment would be futile); *Harter v. GAF Corp.*, 150 F.R.D. 502, 512 (D.N.J. 1993) (affirming lower court's denial of motion for leave to amend because the amendment would not satisfy the legal standard for its claim).

**B. The Jacobs Defendants' Proposed Amendments Against Sciame Fail to State a Claim Upon Which Relief Could be Granted and are Therefore Futile**

The Jacobs Defendants argue that the Court should grant them leave to file supplemental and/or amended claims against Sciame, alleging without analysis that the claims for contribution and indemnity "are not futile." Motion to Amend at p. 4. However, a closer inspection of the proposed amendments shows that both fail to state a claim upon which relief could be granted, and both would be dismissed under a FRCP 12(b)(6) standard.

<u>1. The Jacob Defendants' Claim for Indemnification Must Fail Because There is No Special Relationship Between the Parties</u>

"Under New Jersey law, two different situations can give rise to indemnification: either when a contract expressly provides for it, or when a special legal relationship creates an implied right of indemnity." *Ford Motor Co. v.*

*Edgewood Props.*, 2008 U.S. Dist. LEXIS 84776, at *60 (D.N.J. Oct. 16, 2008) (internal quotations omitted).  The Jacob Defendants' cause of action for indemnification fails under either theory.  It is clear from the face of the Jacobs Defendants' proposed Amended and Supplemental Answer, Affirmative Defenses, Counterclaim, and Cross-Claims ("Proposed Amended Answer") that no contract between Sciame and the Jacobs Defendants exists, and therefore the Jacobs Defendants cannot reasonably claim, as they do, that Sciame is obligated "by operation of . . . contract . . . to indemnify" them. (Anderson Dec., Exh. B, ¶ 39). As for the Jacobs Defendants' claim that Sciame must indemnify it under a theory of "implied," or common law indemnity, the Jacobs Defendants' claim is likewise insufficient.

Under New Jersey law, an implied right of indemnity may only exist when there is a special legal relationship between the parties.  "[I]t is the existence of a special legal relationship sufficient to impose certain duties and a subsequent breach of those duties that permits an implied indemnification." *Ford Motor Co.*, 2008 U.S. Dist. LEXIS 84776, at *60.  "[W]hile the case law is not exhaustive, examples of special relationships are: principal-agent, employer-employee, lessor-lessee, and bailor-bailee." *SGS U.S. Testing Co. v. Takata Corp*., 2012 U.S. Dist. LEXIS 102650, *10 (D.N.J. July 24, 2012).  In fact, "implied indemnification by way of a special relationship is a narrow doctrine that is not frequently stretched

beyond the examples of principal-agent, employer-employee, lessor-lessee, and bailor-bailee." *Id.*

Here, the Jacobs Defendants have completely failed to allege, nor is there any factual or legal basis to allege, any special relationship between them and Sciame, let alone a relationship that would give rise to an implied indemnification claim. On that basis alone, the third cause of action in the Jacobs Defendants' proposed Amended Answer must be dismissed. *See Ford Motor Co.*, 2008 U.S. Dist. LEXIS 84776, at *60-61 (dismissing common law indemnity claim for failure "to plead the existence of a special legal relationship.").

Moreover, the Jacobs Defendants are unable allege any special relationship sufficient to give rise to implied indemnity because none exists. There is no relationship between Sciame and the Jacobs Defendants- there was no principal-agent relationship, no employer-employee relationship, no lessor-lessee relationship, and no bailor-bailee relationship. Outside of those four main special relationships that have arisen in New Jersey, courts have also held that a vendor-vendee relationship and a longstanding business relationship do not qualify as "special." Here, there was even less of a relationship, let alone a "special relationship" between the parties than that of a vendor-vendee, and there have been no allegations, nor can there be, that Sciame and the Jacobs Defendants have ever had a business relationship, let alone a long standing relationship. *See Premier*

*Health Assocs., LLC v. Med. Tech. Sols.*, 2019 U.S. Dist. LEXIS 57243, at *10 (D.N.J. Apr. 3, 2019) (dismissing implied indemnity claims when there was "far less of a relationship between the parties" than a vendee-vendor relationship, which has been traditionally rejected by the courts in an implied indemnity situation.). Sciame did not oversee the Jacobs Defendants' work, nor did the Jacobs Defendants oversee Sciame's work. The Jacobs Defendants did not sell any materials to Sciame, nor did Sciame sell any material to the Jacobs Defendants. They had no longstanding business relationship. Because the Jacobs Defendants have failed to allege any special relationship exists, and because the Jacobs Defendants are unable to allege a special relationship, the Jacobs Defendants' claim for implied indemnification must fail. Therefore, the proposed amendments are futile and the Court should deny the Jacobs Defendants' Motion to Amend.

### 2. The Jacobs Defendants' Claim for Contribution Must Fail Because Sciame is Not a Joint Tortfeasor

In one sentence, without any supporting facts, the Jacobs Defendants summarily allege that Sciame is a "joint tortfeasor with respect to any loss, liability or expense." (Anderson Dec., Exh. B, ¶ 45). The New Jersey Joint Tortfeasors Contribution Act provides:

> Where injury or damage is suffered by any person as a result of the wrongful act, neglect or default of joint tortfeasors, and the person so suffering injury or damage recovers a money judgment or judgments for such injury or damage against one or more of the joint tortfeasors,

> either in one action or in separate actions, and any one of the joint tortfeasors pays such judgment in whole or in part, he shall be entitled to recover contribution from the other joint tortfeasor or joint tortfeasors for the excess so paid over his pro rata share. . .

N.J.S.A. 2A:53A-3.  The Joint Tortfeasor Contribution Act defines "tortfeasors" as "two or more persons jointly or severally **liable in tort** for the same injury to person or property, whether or not judgment has been recovered against all or some of them."  N.J.S.A. 2A:53A-1 (emphasis added).  "The Comparative Negligence Act, which modifies the Joint Tortfeasor's Contribution Act, does not change the meaning of joint tortfeasor under the Joint Tortfeasor's Contribution Act.  It merely makes the quantum of contribution dependent upon the percentage of negligence rather than the number of defendants."  *Wundrack v. Armstrong World Indus., Inc.*, 1991 U.S. Dist. LEXIS 14526, at *23 (D.N.J. May 28, 1991).  Under either statutory scheme, as discussed below, Sciame cannot be considered a joint tortfeasor because it cannot be liable in tort for injuries to Princeton.

First, although Princeton has not alleged any causes of action against Sciame, the limited factual allegations in the Jacobs Defendants' Proposed Amended Answer and the facts in Princeton's Complaint indicate that any potential claims against Sciame would be grounded in contract law, not tort.  The contract between Sciame and Princeton includes contractual remedies for any economic damages incurred by Princeton.  Courts in New Jersey have held that damages for negligence

are not available when there is a contract between the parties that governs. *Meyers v. Heffernan*, 2014 U.S. Dist. LEXIS 92117, at *33 (D.N.J. July 7, 2014) (dismissing contribution claim because "the nature of the injuries identified with the plaintiffs' cause of action are more analogous to breach of contract"). Because Princeton would not be able to assert a negligence claim against Sciame, the Jacobs Defendants cannot allege that Sciame is a joint tortfeasor. *See Longport Ocean Plaza Condo., Inc. v. Robert Cato & Assocs.*, 2002 U.S. Dist. LEXIS 16334, at *8 (E.D. Pa. Aug. 29, 2002); *Kornblith v. Rothe*, 1991 U.S. Dist. LEXIS 711, at *9 (D.N.J. Jan. 23, 1991). Because Princeton would not be able to assert a negligence claim against Sciame, the Jacobs Defendants cannot, as a matter of law, assert a claim for contribution against Sciame.

Further, even if the Jacobs Defendants were able to assert a contribution claim against Sciame, the Jacobs Defendants have failed to allege the requisite facts in order to show that Sciame is a joint tortfeasor (which it is not). Nowhere in the Proposed Amended Answer do the Jacobs Defendants allege that Sciame had a duty to Princeton outside of its contractual obligations. Certainly, Sciame did not have any duty of care to perform technical engineering and/or architectural services in accordance with the reasonable standard of care expected for such professionals, which is the gravamen of Plaintiff's negligence claim against the Jacobs Defendants.

Nowhere in the Proposed Amended Answer do the Jacobs Defendants allege that Sciame breached its non-existent duty.

The face of the Proposed Amended Answer is insufficient to state a cause of action for contribution because there are no factual allegations related to how Sciame can be considered a joint tortfeasor within the meaning of The Joint Tortfeasor Contribution Act. The Jacobs Defendants fail to allege (and cannot allege) that Sciame was ever negligent in performing its contractual obligations and make only conclusory allegations. Specifically, the Jacobs Defendants allege that Sciame entered into a contract with Princeton, deviated from the plans and specifications within the contract, made decisions and substitutions which altered the contract documents, and submitted change orders and requests for information. (Anderson Dec., Exh. B ¶¶ 23-25). These limited factual allegations do not support any theory of negligence. *See Ford Motor Co. v. Edgewood Props.,* U.S. Dist. LEXIS 80191, at *55-56 (D.N.J. Oct. 8, 2008) (dismissing contribution claim for failure to provide any supporting factual allegations that "raise a right to relief above the speculative level."); *Doe,* 148 F. Supp. 2d at 497 ("[l]egal conclusions made in the guise of factual allegations, however, are given no presumption of truthfulness."). Therefore, the Jacobs Defendants have failed to sufficiently allege that Sciame could be liable to Princeton in tort law, let alone meet the definition of a joint tortfeasor. *See, e.g., Mobile Dredging & Pumping Co. v. City of Gloucester,*

2005 U.S. Dist. LEXIS 16601, at *14 (D.N.J. Aug. 4, 2005) (dismissing claim for contribution because third-party defendant did "not satisfy the definition of joint tortfeasors, as defined by New Jersey statute."). Accordingly, any claim for contribution is insufficient under the standard set forth under FRCP 12(b)(6) and the Jacobs Defendants' Motion to Amend should be denied.

Moreover, even if Sciame can somehow be considered a joint tortfeasor, Sciame has already executed a settlement agreement with Princeton wherein the parties have released each other. (Anderson Dec., ¶ 5). "New Jersey courts have long held that settlement with a joint tortfeasor . . . bars an action for contribution against the settling wrongdoer. . . . Consequently, a court should dismiss a non-settler's cross-claim for contribution as a matter of law as a result of a settlement . . ." *McIlwaine v. Am. Honda Motor Co.,* 2010 U.S. Dist. LEXIS 4679, at *5-6 (D.N.J. Jan. 19, 2010) (internal quotations and citations omitted); *see also Wartsila NSD N. Am., Inc. v. Hill Int'l, Inc.,* 2004 U.S. Dist. LEXIS 28921, at *23 (D.N.J. June 22, 2004); *Theobald v. Angelos*, 44 N.J. 228, 232 (N.J. 1965); *Verni ex rel. Burstein v. Harry M. Stevens, Inc.*, 387 N.J.Super. 160, 207 (App. Div. 2006) ("Settling defendants have no further liability to any party beyond that provided in the terms of the settlement. Thus, even if the non-settler has cross-claimed for contribution, that claim is dismissed as a matter of law…").

**CONCLUSION**

Because the Jacobs Defendants cannot, as a matter of law, sustain their claim against Sciame for indemnification or contribution, the Jacobs Defendants' Motion to Amend must be denied.

| | |
|---|---|
| Dated:  New York, New York<br>             June 22, 2020 | Respectfully submitted,<br><br> s/ Emily D. Anderson<br>Ira M. Schulman (*admitted pro hac vice*)<br>Emily D. Anderson<br>SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>30 Rockefeller Plaza<br>New York, New York 10112<br>Telephone: (212) 653-8700<br>Facsimile:  (212) 653-8701<br>Email: ISchulman@sheppardmullin.com<br>            EManderson@sheppardmullin.com<br>*Attorneys for Third-Party Defendant*<br>*F.J. Sciame Construction Co., Inc.* |