THOMPSON BECKER, L.L.C.
By: John M. Becker, Esquire - I.D. #8515
Ten Melrose Avenue
Woodcrest Pavilion, Suite 400
Cherry Hill, New Jersey 08003
Phone: (856) 616-8886
Our File No. 7500-091
Attorneys for Defendant,
Tod Williams Billie Tsien Architects, LLP

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE TRUSTEES OF PRINCETON UNIVERSITY,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>TOD WILLIAMS BILLIE TSIEN ARCHITECTS, LLP; JACOBS ARCHITECTS/ENGINEERS, INC.; and JACOBS CONSULTANCY INC.,<br><br>　　　　　　　　　Defendants. | Civil Action No.<br>3:19-cv-21248-BRM-LHG<br><br>**ANSWER TO AMENDED COMPLAINT<br>and<br>DEMAND FOR JURY TRIAL** |

Defendant, Tod Williams Billie Tsien Architects, LLP, ("TWBTA" or "answering defendant"), in reply to the complaint filed against it by plaintiff, The Trustees of Princeton University, says as follows:

**NATURE OF THE CASE**

1. Admitted.

2. Denied

**THE PARTIES**

3. Admitted.

4. Admitted.

5. Admitted that Jacobs Architect/Engineers, Inc. was a sub-consultant of answering defendant for the Project, but answering defendant is without sufficient information or knowledge to admit or deny the other allegations contained in this paragraph.

6. Admitted that Jacobs Consultancy, Inc. was a sub-consultant of answering defendant for the Project, but answering defendant is without sufficient information or knowledge to admit or deny the other allegations contained in this paragraph.

## JURISDICTION AND VENUE

7. Admitted.

8. Answering defendant admits that this Court has personal jurisdiction over answering defendant, but denies it is based upon the Design Contract.

9. Answering defendant admits that this Court has personal jurisdiction over Jacobs Architect/Engineers, Inc., but denies it is based upon the agreement with answering defendant.

10. Answering defendant admits that this Court has personal jurisdiction over Jacobs Consultancy, Inc., but denies it is based upon the agreement with answering defendant.

11. Admitted

## ALLEGATIONS COMMON TO ALL COUNTS

12-14. Admitted.

15. Answering defendant is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph.

16. Admitted the Project design commenced in 2009, and that construction commenced in 2012 but plaintiff is left to its proof whether the Project was substantially completed on January 1, 2016.

**The Design Contract**

17-18. Admitted.

19. Denied as stated, however, it is admitted that the provision sets for answering defendant's general responsibility for project administration services.

20. Admitted.

21. Denied as stated, however, it is admitted that the provision sets for answering defendant's general responsibility for coordination services.

22. Admitted.

23. Admitted that Article VII(h) sets for the requirements for answering defendant's services during the construction phase but denies the characterization of subparagraphs (3) Interpretation of Documents, (4) Changes to Construction Documents.

24. Admitted.

25. Denied as stated, however, it is admitted that the excerpted provision is accurate.

26. Admitted that Article VII(d), (e), (f), (g), and (h) of the Design Contract further required TWBTA to provide its services in accordance with customary milestones broken down between the design phase, bidding and negotiation phase, and construction phase, but the characterization of answering defendant's services during each phase is denied as stated.

27-28. Admitted.

29. Admitted that the allegations in this paragraph are set forth in Article XI of the Design Contract.

30. Denied as stated, and it is specifically denied that Article XII(h)(1) is applicable to plaintiff's complaint against answering defendant.

### The Design Team's Unsatisfactory Performance

31-32. Denied.

33. Denied that any submitted designs that exceeded the construction budget were the fault of answering defendant.

34. Denied that any designs requiring additional rework or value engineering were the fault of answering defendant.

35. Denied.

### TWBTA Failed to Submit Complete Documents
### In Accordance with Contract Milestones

36. Denied.

37. Denied that the failure to meet any Contract Milestones, if proven, was the fault of answering defendant.

38. Denied that the issuance of Construction Documents after Contract Milestones, if proven, was the fault of answering defendant.

39. Admitted that on August 12, 2011, answering defendant submitted 85% drawings and specifications to plaintiff (and upon which the Construction Manager's guaranteed maximum price **("GMP")** was to be based), however, all other allegations contained in this paragraph are denied as to the fault of answering defendant.

40. Admitted. To the extent any fault is alleged, answering defendant denies the allegations in this paragraph.

41. Admitted except for subparagraph (d) for which plaintiff is left to its proofs. To the extent any fault is alleged, answering defendant denies the allegations in this paragraph.

42. Admitted that on January 13, 2012, answering defendant submitted 100% Construction Documents, and thereafter addenda, however, the allegations contained in this paragraph are denied as to the fault of answering defendant.

43. Denied that the finalization of the GMP with the Construction Manager after the scheduled milestone, and the

commencement of construction on or about February 27, 2012, if proven, was the fault of answering defendant.

44. Admitted answering defendant issued construction addenda on the date set forth in this paragraph, however, all other allegations contained in this paragraph are denied as to the fault of answering defendant.

45. Admitted that answering defendant issued the Consolidated Set on June 15, 2012 but denies Construction Addendum 8 was issued on October 10, 2012. All other allegations contained in this paragraph are denied as to the fault of answering defendant.

46. Denied.

47. Denied.

### The Design Team Issued 87 ASIs That Required Revisions To More than a Thousand Drawings

48. Denied.

49. Admitted that answering defendant issued 87 ASIs after the 100% Construction Documents were issued but denies the date set forth in this paragraph as well as all other allegations contained in this paragraph as to the fault of answering defendant.

### TWBTA's Incomplete and Deficient Work Resulted in No Less than 462 Change Orders

50-52. Denied.

**Additional BIM Services & Costs**

53. Denied as stated, however, it is admitted that the excerpted provision is accurate.

54. Denied.

55. Denied that the Construction Manager's seven change order requests for revisions to the BIM Construction Model were the fault of answering defendant.

56-57. Denied.

**The Design Team Delayed the Project by No Less than Five Months**

58-59. Denied.

60. Denied that Jacobs, the specialty laboratory sub-consultants, had previously selected and incorporated galvanized steel for the clean room exhaust duct material in the drawings issued for construction. Admitted that on or about October 11, 2013, while construction was ongoing, Jacobs wrote to Princeton recommending a change to the duct material from galvanized steel to PTFE-lined stainless steel in certain ductwork.

61. Denied.

62. Denied that plaintiff's engagement of the Independent Consultant was a result of indecision by answering defendant and/or its consultants, and that any allegations in this paragraph are the fault of answering defendant.

63. Admitted that ASI 36, Revision 1, was issued on or about February 1, 2014, changing all PTFE line stainless steel

to unlined 316 stainless steel, and Revision 2 was issued on or about March 21, 2014, to allow for bolted connections instead of welded connections, however, the allegations in this paragraph are denied as to the fault of answering defendant.

64. Denied.

65. Denied.

66. Denied that any allegations in this paragraph or the fault of answering defendant.

**Delays**

67-68. Denied.

**COUNT ONE**

**(Breach of Contract Against TWBTA)**

69. Answering defendant repeats its answers to the prior paragraphs as if set forth at length herein.

70-72. Denied.

WHEREFORE, defendant Tod Williams Billie Tsien Architects, LLP demands dismissal of the complaint with prejudice, together with attorneys' fees, costs of defense and other relief the Court deems just and equitable.

**COUNT TWO**

**(Negligence Against TWBTA)**

73. Answering defendant repeats its answers to the prior paragraphs as if set forth at length herein.

74. Denied.

75. Denied as stated.

76-77. Denied.

WHEREFORE, defendant Tod Williams Billie Tsien Architects, LLP demands dismissal of the complaint with prejudice, together with attorneys' fees, costs of defense and other relief the Court deems just and equitable.

## COUNT THREE

**(Declaratory Judgment – Indemnification Against TWBTA)**

78. Answering defendant repeats its answers to the prior paragraphs as if set forth at length herein.

79-82. Denied.

WHEREFORE, defendant Tod Williams Billie Tsien Architects, LLP demands dismissal of the complaint with prejudice, together with attorneys' fees, costs of defense and other relief the Court deems just and equitable.

## COUNT FOUR

**(Third Party Beneficiary Breach of Contract Against the Jacobs Entities)**

83. Answering defendant repeats its answers to the prior paragraphs as if set forth at length herein.

84. Admitted.

85-87. Denied.

WHEREFORE, defendant Tod Williams Billie Tsien Architects, LLP demands dismissal of the complaint with prejudice, together

with attorneys' fees, costs of defense and other relief the Court deems just and equitable.

## COUNT FIVE

### (Negligence Against the Jacobs Entities)

88. Answering defendant repeats its answers to the prior paragraphs as if set forth at length herein.

89. Denied.

90. Denied as stated.

91-92. Denied.

WHEREFORE, defendant Tod Williams Billie Tsien Architects, LLP demands dismissal of the complaint with prejudice, together with attorneys' fees, costs of defense and other relief the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

Answering defendant was not negligent.

### SECOND SEPARATE DEFENSE

Answering defendant performed each and every duty, contractual or otherwise, which was owed to the plaintiff, if any, or to any other persons.

### THIRD SEPARATE DEFENSE

The incidents and damages complained of by plaintiff were caused solely by the acts or omissions of some other person or

party over whom answering defendant has no control or right of control.

### FOURTH SEPARATE DEFENSE

The damages alleged are not the result of the incident which is the subject of plaintiff's complaint.

### FIFTH SEPARATE DEFENSE

The plaintiff's negligence and/or fault contributed to the alleged damage and is, therefore, barred from recovery or subject to having the same diminished in accordance with the New Jersey Comparative Negligence Act and the New Jersey Joint Tortfeasors Contribution Act.

### SIXTH SEPARATE DEFENSE

The incident was caused by defects which did not result from any act or omission on the part of answering defendant.

### SEVENTH SEPARATE DEFENSE

Plaintiff assumed the risk of injury or harm.

### EIGHTH SEPARATE DEFENSE

Plaintiff's claims are barred from recovery to the extent Plaintiff materially breaches duties and obligations under the contract.

### NINTH SEPARATE DEFENSE

Plaintiff's claims are subject to set-off, recoupment, or back charges.

**TENTH SEPARATE DEFENSE**

Plaintiff's claims are barred by the Entire Controversy Doctrine.

**ELEVENTH SEPARATE DEFENSE**

Plaintiff's claims are barred by the applicable statute of limitations/repose.

**TWELFTH SEPARATE DEFENSE**

The incident and damages complained of were caused by an Act of God.

**THIRTEENTH SEPARATE DEFENSE**

Plaintiff's claims are barred by the doctrine of payment, accord and satisfaction.

**FOURTEENTH SEPARATE DEFENSE**

Plaintiff's claims are barred because there are no monies due and owing.

**FIFTEENTH SEPARATE DEFENSE**

Plaintiff's claims are barred by the doctrines of estoppel and waiver.

**SIXTEENTH SEPARATE DEFENSE**

Plaintiff's claims are barred from recovery by the limitation of liability clause in the contract.

**SEVENTEENTH SEPARATE DEFENSE**

Plaintiff has failed to mitigate damages.

**EIGHTEENTH SEPARATE DEFENSE**

Plaintiff's claims are barred by insufficiency of process and/or service of process.

**NINETEENTH SEPARATE DEFENSE**

The court lacks subject matter and in personam jurisdiction.

**TWENTIETH SEPARATE DEFENSE**

Answering defendant reserves the right to assert any other defenses as may be developed through discovery or trial.

**TWENTY-FIRST SEPARATE DEFENSE**

Plaintiff's complaint fails to state a claim upon which relief can be granted, including pursuant to N.J.S.A. 2A:53A-27, *et seq.*

**TWENTY-SECOND SEPARATE DEFENSE**

Plaintiff has failed to join a party needed for a just adjudication or without which the action cannot proceed.

**TWENTY-THIRD SEPARATE DEFENSE**

The alleged incident was caused by the intervening wanton and/or willful actions of a third party, which this defendant could not have foreseen and for which they are not responsible.

**ANSWER TO CROSSCLAIMS**

Answering defendant hereby denies each and every allegation of any and all crossclaims, which have been or will be in the future filed against it in this matter.

**CROSSCLAIM FOR CONTRIBUTION**

Defendant Tod Williams Billie Tsien Architects, LLP denies liability to plaintiff.  However, if this defendant is judged liable then answering defendant demands contribution from co-defendants pursuant to the applicable Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1 through 5.

**CROSSCLAIM FOR INDEMNIFICATION**

Defendant Tod Williams Billie Tsien Architects, LLP denies liability to plaintiff.  However, if this defendant is judged liable then answering defendant demands common law and contractual indemnification from co-defendants.

**DEMAND FOR JURY TRIAL**

Answering defendant hereby demands trial by jury as to all issues herein.

**DEMAND FOR STATEMENT OF DAMAGES**

PLEASE TAKE NOTICE that pursuant to the application of the Federal Rules of Civil Procedure, the party filing this answer requires that you, within five days, furnish them with statement of damages claimed.

**DEMAND FOR COPIES OF DOCUMENTS REFERRED TO IN PLEADINGS**

The undersigned attorney demands within five (5) days after service hereof a copy of any document or paper referred to in the complaint.

**DESIGNATION OF TRIAL COUNSEL**

PLEASE TAKE NOTICE that John M. Becker is designated as trial counsel.

**LOCAL CIVIL RULE 11:2 CERTIFICATION**

I hereby certify that, to my knowledge, the matter in controversy is not the subject of any other action or proceeding pending in any court or in any pending arbitration or administrative proceeding.

                                         **THOMPSON BECKER, L.L.C.**
                                         Attorneys for Defendant
                                         Tod Williams Billie Tsien
                                         Architects, LLP

                                         By:  */s/John M. Becker*
Dated:  July 8, 2020                      John M. Becker, Esq.