THOMPSON BECKER, L.L.C.
By: John M. Becker, Esquire - I.D. #8515
Ten Melrose Avenue
Woodcrest Pavilion, Suite 400
Cherry Hill, New Jersey 08003
Phone: (856) 616-8886
Our File No. 7500-091
Attorneys for Defendant,
Tod Williams Billie Tsien Architects, LLP

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE TRUSTEES OF PRINCETON UNIVERSITY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TOD WILLIAMS BILLIE TSIEN ARCHITECTS, LLP; JACOBS ARCHITECTS/ENGINEERS, INC.; and JACOBS CONSULTANCY INC.,<br><br>　　　　　　Defendants.<br>_____<br>ARUP USA, INC.,<br><br>　　　　　　Counterclaimant,<br><br>　　v.<br><br>TOD WILLIAMS BILLIE TSIEN ARCHITECTS, LLP,<br><br>　　　　Counterclaim Defendant.<br>_____<br>TOD WILLIALMS BILLIE TSIEN ARCHITECTS, LLP,<br><br>　　　Third-Party Plaintiff<br>　　　On the Counterclaim, | Civil Action No.<br>3:19-cv-21248-BRM-LHG<br><br>**TOD WILLIAMS BILLIE TSIEN ARCHITECTS, LLP'S ANSWER TO COUNTERCLAIM OF ARUP USA, INC. WITH THIRD-PARTY COMPLAINT** |

```
                    v.

THE TRUSTEES OF PRINCETON
UNIVERSITY and JACOBS
ARCHITECTS/ENGINEERS, INC.
and JACOBS CONSULTANCY, INC.

        Third-Party Defendants
           On the Counterclaim.
```

Defendant, Tod Williams Billie Tsien Architects, LLP, ("TWBTA" or "answering defendant"), in reply to the counterclaim filed against it by Arup USA, Inc., says as follows:

## NATURE OF THE ACTION

1. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent any further response is required, denied as to answering defendant.

2. Admitted.

3. Admitted.

## RELEVANT FACTS

4. Admitted.

5. Admitted.

6. Admitted.

7. The Arup Agreement is a written document that speaks for itself and is the best evidence of its own terms. Answering defendant denies any inconsistent characterization thereof. To the extent any further response is required, answering defendant denies the allegations of this paragraph.

2

8.  Denied.

9.  Denied.

10. Denied.

11. Answering defendant neither admits nor denies the allegations in this paragraph and leaves Arup to its proofs.  To the extent any further response is required, answering defendant denies the allegations of this paragraph.

12. Answering defendant neither admits nor denies the allegations in this paragraph and leaves Arup to its proofs.  To the extent any further response is required, answering defendant denies the allegations of this paragraph.

13. Answering defendant neither admits nor denies the allegations in this paragraph and leaves Arup to its proofs.  To the extent any further response is required, answering defendant denies the allegations of this paragraph.

14. The Arup Agreement is a written document that speaks for itself and is the best evidence of its own terms. Answering defendant denies any inconsistent characterization thereof. To the extent any further response is required, answering defendant denies the allegations of this paragraph.

15. Denied.

16. Denied.

17. Answering defendant neither admits nor denies the allegations in this paragraph and leaves Arup to its proofs.  To

the extent any further response is required, answering defendant denies the allegations of this paragraph.

18. Answering defendant neither admits nor denies the allegations in this paragraph and leaves Arup to its proofs.

19. The Arup Agreement is a written document that speaks for itself and is the best evidence of its own terms. Answering defendant denies any inconsistent characterization thereof.

20. Answering defendant neither admits nor denies the allegations in this paragraph and leaves Arup to its proofs. To the extent any further response is required, answering defendant denies the allegations of this paragraph to the extent the mediation satisfied the conditions of the Arup Agreement.

21. Answering defendant neither admits nor denies the allegations in this paragraph and leaves Arup to its proofs. To the extent any further response is required, answering defendant denies the allegations of this paragraph to the extent the mediation satisfied the conditions of the Arup Agreement.

**FIRST COUNT AGAINST TWBTA**

**(Breach of Contract)**

21. Answering defendant repeats its answers to the prior paragraphs as if set forth at length herein.

22. Admitted. However, the Arup Agreement is a written document that speaks for itself and is the best evidence of its

own terms. Answering defendant denies any inconsistent characterization thereof.

23. Answering defendant neither admits nor denies the allegations in this paragraph and leaves Arup to its proofs. To the extent any further response is required, answering defendant denies the allegations of this paragraph.

24. Answering defendant neither admits nor denies the allegations in this paragraph and leaves Arup to its proofs. To the extent any further response is required, answering defendant denies the allegations of this paragraph and asserts that plaintiff or others are responsible for any payments claimed under this paragraph.

25. The Arup Agreement is a written document that speaks for itself and is the best evidence of its own terms. Answering defendant denies any inconsistent characterization thereof. To the extent any further response is required, answering defendant denies the allegations of this paragraph.

26. Answering defendant neither admits nor denies the allegations in this paragraph and leaves Arup to its proofs. To the extent any further response is required, answering defendant denies the allegations of this paragraph and asserts that plaintiff or others are responsible for any payments claimed under this paragraph.

27. Denied. To the extent any further response is required, answering defendant asserts that plaintiff or others are responsible for any payments claimed and owing under this paragraph.

28. Denied.

WHEREFORE, counterclaim defendant Tod Williams Billie Tsien Architects, LLP demands dismissal of the counterclaim with prejudice, together with attorneys' fees, costs of defense and other relief the Court deems just and equitable.

### SECOND COUNT AGAINST TWBTA
### (Account Stated)

29. This paragraph incorporates the preceding paragraphs of the Counterclaim and contains no averment of facts.

30. The averments in this paragraph consist of ARUP's characterization of documents. If a response is deemed required, the averments are denied and the Court is respectfully referred to the document cited for a complete statement of its contents.

31. This paragraph contains conclusions of law to which no response is required. Further, the averments of this paragraph consist of ARUP's characterization of documents. If a response is deemed required, the averments are denied and the Court is respectfully referred to the document cited for a complete statement of its contents.

32. This paragraph contains conclusions of law to which no response is required. If a response is deemed required, denied.

33. This paragraph contains conclusions of law to which no response is required. If a response is deemed required, denied.

34. This paragraph contains conclusions of law to which no response is required. If a response is deemed required, denied.

WHEREFORE, Counterclaim Defendant, Tod Williams Billie Tsien Architects, LLP, respectfully requests that the Counterclaim be dismissed with prejudice, together with attorneys' fees, costs of defense and other relief the Court deems just and equitable.

### THIRD COUNT AGAINST TWBTA
### (Unjust Enrichment)

35. This paragraph incorporates the preceding paragraphs of the Counterclaim and contains no averment of facts.

36. This paragraph contains conclusions of law to which no response is required. If a response is deemed required, denied.

37. This paragraph contains conclusions of law to which no response is required. If a response is deemed required, denied.

38. This paragraph contains conclusions of law to which no response is required. If a response is deemed required, denied.

39. This paragraph contains conclusions of law to which no response is required. If a response is deemed required, denied.

WHEREFORE, Counterclaim Defendant, Tod Williams Billie Tsien Architects, LLP, respectfully requests that the Counterclaim be dismissed with prejudice, together with attorneys' fees, costs of defense and other relief the Court deems just and equitable.

### FOURTH COUNT AGAINST TWBTA
#### (Violation of Prompt Payment Act)

40. This paragraph incorporates the preceding paragraphs of the Counterclaim and contains no averment of facts.

41. This paragraph contains conclusions of law to which no response is required. If a response is deemed required, denied.

42. The averments in this paragraph consist of ARUP's characterization of documents. If a response is deemed required, the averments are denied and the Court is respectfully referred to the document cited for a complete statement of its contents.

43. This paragraph contains conclusions of law to which no response is required. If a response is deemed required, denied.

44. This paragraph contains conclusions of law to which no response is required. If a response is deemed required, denied.

45. This paragraph contains conclusions of law to which no response is required. If a response is deemed required, denied.

46. This paragraph contains conclusions of law to which no response is required. If a response is deemed required, denied.

47. This paragraph contains conclusions of law to which no response is required. If a response is deemed required, denied.

WHEREFORE, Counterclaim Defendant, Tod Williams Billie Tsien Architects, LLP, respectfully requests that the Counterclaim be dismissed with prejudice, together with attorneys' fees, costs of defense and other relief the Court deems just and equitable.

**AFFIRMATIVE DEFENSES TO THE COUNTERCLAIM**

**FIRST AFFIRMATIVE DEFENSE**

To the extent it has not done so in the preceding paragraphs, Tod Williams Billie Tsien Architects, LLP ("TWBTA") denies any averments in the Counterclaim which the Court deems requires such response.

**SECOND AFFIRMATIVE DEFENSE**

ARUP's damages, if any, were caused by their own conduct.

**THIRD AFFIRMATIVE DEFENSE**

ARUP's claims are barred, in whole or in part, because ARUP has not suffered any damaged caused by or attributable to conduct of TWBTA.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent the ARUP is able to demonstrate any damages, which is expressly denied, some or all of ARUP's damages are barred in whole or in part because of ARUP's failure to mitigate its alleged damages.

**FIFTH AFFIRMATIVE DEFENSE**

For the purpose of preserving a defense, ARUP has failed to state a cause of action against TWBTA for which relief may be granted.

### SIXTH AFFIRMATIVE DEFENSE

For the purpose of preserving a defense, ARUP's claims are barred in whole or in part because it failed to satisfy all necessary conditions precedent.

### SEVENTH AFFIRMATIVE DEFENSE

For the purpose of preserving a defense, ARUP's claims are barred, in whole or in part, by the doctrine of estoppel.

### EIGHT AFFIRMATIVE DEFENSE

For the purpose of preserving a defense, ARUP's claims are barred, in whole or in part, by the doctrine of waiver.

### NINTH AFFIRMATIVE DEFENSE

For the purpose of preserving a defense, ARUP's claims are barred, in whole or in part, by the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

For the purpose of preserving a defense, ARUP's claims are barred, in whole or in part, by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

TWBTA was not negligent.

**TWELFTH AFFIRMATIVE DEFENSE**

TWBTA performed each and every duty, contractual or otherwise, which was owed to Arup and plaintiff, if any, or to any other persons.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The incidents and damages complained of by Arup were caused solely by the acts or omissions of some other person or party over whom TWBTA has no control or right of control.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The damages alleged are not the result of the incident which is the subject of the counterclaim.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The negligence and/or fault of Arup contributed to the alleged damages and, therefore, they are barred from recovery or subject to having the same diminished in accordance with the New Jersey Comparative Negligence Act and the New Jersey Joint Tortfeasors Contribution Act.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The incident was caused by defects which did not result from any act or omission on the part of TWBTA.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Arup assumed the risk of injury or harm or loss.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Arup's claims are barred from recovery to the extent it materially breached duties and obligations under its contract.

### NINTEENTH AFFIRMATIVE DEFENSE

Arup's claims are subject to set-off, recoupment, or back charges.

### TWENTIETH AFFIRMATIVE DEFENSE

Arup's claims are barred by the applicable statute of limitations/repose.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Arup's claims are barred by the doctrine of payment, accord and satisfaction.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Arup's claims are barred because there are no monies due and owing.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Arup's claims are barred from recovery by the limitation of liability clause in the contract.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

TWBTA reserves the right to assert any other defenses as may be developed through discovery or trial.

### TWENTY-FIFTH AFFIRMITIVE DEFENSE

Arup's counterclaim fails to state a claim upon which relief can be granted pursuant to N.J.S.A. 2A:53A-27, *et seq.*

12

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Arup failed to join a party needed for a just adjudication or without which the action cannot proceed.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

The alleged incident was caused by the intervening wanton and/or willful actions of a third party, which TWBTA could not have foreseen and for which they are not responsible.

**COUNTERCLAIM DEFENDANT, TOD WILLIAMS BILLIE TSIEN ARCHITECTS, LLP'S THIRD-PARTY COMPLAINT FOR CONTRIBUTION AND INDEMNIFICATION AGAINST THE TRUSTEES OF PRINCETON UNIVERSITY AND DEFENDANTS JACOBS ARCHITECTS/ENGINEERS, INC. AND JACOBS CONSULTANCY, INC.**

1. Answering defendant on the counterclaim repeats its answers to the prior paragraphs of the counterclaim of defendant Arup USA, Inc. as if set forth at length herein.

2. Defendant Tod Williams Billie Tsien Architects, LLP denies liability to third-party defendant/counterclaimant Arup USA, Inc. for its counterclaim. However, if this defendant is judged liable then answering defendant demands contribution from plaintiff/third-party defendant on the counterclaim, The Trustees of Princeton University, and defendants/third-party defendants on the counterclaim, Jacobs Architects/Engineers, Inc. and Jacobs Consultancy, Inc., pursuant to the applicable Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1 through 5.

3. Defendant Tod Williams Billie Tsien Architects, LLP denies liability to third-party defendant/counterclaimant Arup USA, Inc. for its counterclaim.  However, if this defendant is judged liable then answering defendant demands common law and contractual indemnification from plaintiff/third-party defendant on the counterclaim, The Trustees of Princeton University, and defendants/third-party defendants on the counterclaim, Jacobs Architects/Engineers, Inc. and Jacobs Consultancy, Inc.

WHEREFORE, Defendant/third-party plaintiff on the cross-complaint, Tod Williams Billie Tsien Architects, LLP, herein demands judgment for contribution and/or common law and contractual indemnification from third-party defendants, The Trustees of Princeton University and Arup, USA, Inc.

## DEMAND FOR JURY TRIAL

Answering defendant hereby demands trial by jury as to all issues herein.

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that John M. Becker is designated as trial counsel.

## LOCAL CIVIL RULE 11:2 CERTIFICATION

I hereby certify that, to my knowledge, the matter in controversy is not the subject of any other action or proceeding

pending in any court or in any pending arbitration or administrative proceeding.

## CERTIFICATE OF SERVICE

I, John M. Becker, Esquire, certify that on August 14, 2020, a true and correct copy of the answer to the counterclaim was served on all counsel of record via the Court's ECF Filing System.

**THOMPSON BECKER, L.L.C.**
Attorneys for Defendant
Tod Williams Billie Tsien
Architects, LLP

*/s/John M. Becker*
By:_____
Dated:  August 14, 2020          John M. Becker, Esq.

15