# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE TRUSTEES OF PRINCETON UNIVERSITY, | Civil Action No. 3:19-cv-21248-BRM-LHG |
| Plaintiff, | |
| v. | Hon. Lois H. Goodman, U.S.M.J. |
| TOD WILLIAMS BILLIE TSIEN ARCHITECTS, LLP; JACOBS ARCHITECTS/ENGINEERS, INC.; and JACOBS CONSULTANCY INC., | **CONFIDENTIALITY STIPULATION** |
| Defendants. | |
| TOD WILLIAMS BILLIE TSIEN ARCHITECTS, LLP, | |
| Third-Party Plaintiff, | |
| v. | |
| ARUP USA, INC. and F.J. SCIAME CONSTRUCTION COMPANY, INC., | |
| Third-Party Defendants. | |

The Trustees of Princeton University, Tod Williams Billie Tsien Architects, LLP, Jacobs Architects/Engineers, Inc., Jacobs Consultancy Inc., ARUP USA, Inc., and F.J. Sciame Construction Company, Inc. (the "Parties"), hereby stipulate and agree pursuant to Fed. R. Civ. P. 29 (the "Stipulation") as follows:

**1. Definitions**

(a) "Document" means all documents, electronically-stored information, items and writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data

compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

(b)     "Counsel of Record" means any lawyer employed by the law firms of record for any of the parties to this Action.

(c)     "Confidential" information means (i) information used by a Producing or Designating Party in, or pertaining to, its business, which information is not available to the public, is treated confidentially by the Producing or Designating Party and has current competitive or economic value independent of this litigation, (ii) material non-public insider information, (iii) non-public financial information, (iv) private personal identifying information, (v) information that a Producing or Designating Party is under a duty to preserve as confidential under a court or administrative order, by agreement, or because of a legal obligation such as a fiduciary duty, or (vi) information which the Producing or Designating Party believes in good faith must be maintained in confidence.

(d)     "Highly Confidential – Attorneys' Eyes Only" information shall mean Confidential information that is particularly sensitive and could cause substantial harm if disclosed to an unauthorized party such as a competitor, including, without limitation, Confidential information concerning business, product and/or strategic plans and financial information, trade secrets, intellectual property and information subject to written non-disclosure or confidentiality agreements or court or administrative order.

(e)     "Action" means the above-captioned action.

(f)     "Party" or "Parties" means each and all of the undersigned parties to this Action.

(g)     "Producing Party" means a Party or non-party that produces or discloses any Document, information, or thing that has been designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in this Action in accordance with this Stipulation.

(h)     "Receiving Party" means a Party or non-party that receives any Document, information, or thing that has been designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in accordance with this Stipulation.

(i)     "Designating Party" means, to the extent different than the Producing Party, the party that designated any Document, information, or thing as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in accordance with this Stipulation.

## 2.  Designation of Confidential or Highly Confidential – Attorneys' Eyes Only Information

Any Party may designate any (i) Document, information, or thing, or portion thereof, produced in discovery (whether by a Party or a non-Party), or (ii) deposition testimony, or portion thereof, as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," which such Party in good faith believes is entitled to such treatment as defined herein.

(a)     Documents shall be so designated by placing the word "Confidential" or phrase "Highly Confidential – Attorneys' Eyes Only" on each page of the Document or, in the case of electronically-stored information, on the media containing said information in a manner so as to be easily visible, or, in the case of a Receiving Party, by advising the other Parties of such designation in writing.

(b)     Testimony shall be so designated by indicating verbally and on the record at the time the testimony is given, or by identifying in writing the page and line numbers of the testimony being so designated within ten (10) business days after the transcript of the deposition becomes available. For such period of time as any information, Documents, things or testimony

designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" are disclosed during a deposition, the Party shall have the right to exclude from attendance at the deposition any person who is not entitled to receive such information, Documents or things pursuant to this Stipulation.

(c) A thing shall be so designated in writing by affixing, to the extent practicable, a sticker or tag or other indication bearing the words "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

3. **Restrictions on Disclosure and Use of Confidential Information.**

(a) No person may disclose to another person or entity any information contained in or derived from any portion of Documents, testimony, information, or things designated as Confidential in accordance with this Stipulation without prior written or on-the-record authorization from the Producing or Designating Party, unless the recipient is:

(i) a Party to the Action or any of its corporate subsidiaries, an in-house counsel, employee, officer or director of those entities, or a non-Party to the Action in the event such non-Party is the Producing Party;

(ii) a Counsel of Record in the Action;

(iii) a court reporter, interpreter or videographer undertaking his/her duties in a deposition or other proceeding in this Action;

(iv) an employee or staff of a Counsel of Record, or a contractor or vendor retained by a Counsel of Record in connection with the copying, storage, translation or processing of Documents under the employ, supervision or direction of Counsel of Record;

    (v) a graphics consultant, jury consultant, or similar litigation service provider retained by a Counsel of Record;

    (vi) an expert (or a member of the expert's staff) retained in connection with inspection, analysis, and/or formation of an opinion for testimony or consultation of this matter, and to whom disclosure of the Confidential information is necessary for the prosecution or defense of this Action;

    (vii) the author, is the addressee, is copied on, or is otherwise indicated to be a lawful recipient of the Document as indicated by the Document or its source;

    (viii) a witness for the sole purpose of deposition preparation; or

    (ix) a Judge, Magistrate Judge, law clerk, clerk, or other employee of the court before which this matter is pending.

  (b) No use shall be made of Confidential information by any recipient under subsection (a) except in connection with the prosecution, defense, adjudication or private resolution of this Action.

  (c) Nothing herein shall prevent a person from disclosing or using information designated Confidential under this Stipulation, if that information was acquired by that person other than through production or disclosure in this Action. Nothing herein shall prevent a Party from relying on any legal basis other than this Stipulation in seeking to restrict such disclosure or use.

**4. Restrictions on Disclosure and Use of Information Designated Highly Confidential – Attorneys' Eyes Only**

  (a) Documents, testimony, things, and information designated as "Highly Confidential – Attorneys' Eyes Only" may not be disclosed to another person or entity without prior written or on-the-record authorization from the Producing or Designating Party, unless the

5

recipient is:

    (i)    a Counsel of Record or in-house counsel for any Party to the Action, or for a non-Party to the Action in the event such non-Party is the Producing Party;

    (ii)    a court reporter, interpreter or videographer undertaking his/her duties in a deposition or other proceeding in this Action;

    (iii)    an employee or staff of a Counsel of Record, or a contractor or vendor retained by a Counsel of Record in connection with the copying, storage, translation or processing of Documents under the employ, supervision or direction of Counsel of Record;

    (iv)    a graphics consultant, jury consultant, or similar litigation service provider retained by a Counsel of Record;

    (v)    an expert (or a member of the expert's staff) retained in connection with inspection, analysis, and/or formation of an opinion for testimony or consultation of this matter, and to whom disclosure of the Highly Confidential – Attorneys' Eyes Only information is necessary for the prosecution or defense of this Action'

    (vi)    the author, is the addressee, is copied on, or is otherwise indicated to be a lawful recipient of the Document as indicated by the Document or its source;

    (vii)    a witness for the sole purpose of deposition preparation; or

    (viii)    a Judge, Magistrate Judge, law clerk, clerk, or other employee of the court before which this matter is pending.

(b)    No use shall be made of information designated Highly Confidential – Attorneys' Eyes Only by any recipient under subsection (a) except in connection with the prosecution, defense, adjudication or private resolution of this Action.

(c) Nothing herein shall prevent a person from disclosing or using information designated Highly Confidential – Attorneys' Eyes Only under this Stipulation, if that information was acquired by that person other than through production or disclosure in this Action.  Nothing herein shall prevent a Party from relying on any legal basis other than this Stipulation in seeking to restrict such disclosure or use.

5. **Inadvertent Failure To Designate; Inadvertent Production**

(a) A Party who inadvertently fails to designate a Document, testimony or thing as Confidential or Highly Confidential – Attorneys' Eyes Only does not thereby waive the right to do so after the failure is discovered.  The Parties agree to cooperate to minimize the publication or dissemination of any inadvertently disclosed material.  All copies of the inadvertently disclosed material shall be retrieved from any person who would not have been allowed access to it if it had been properly designated at the time of production.

6. **Filing of Confidential or Highly Confidential – Attorneys' Eyes Only Material**

In the event a Party wishes to file material designated as Confidential or Highly Confidential – Attorneys' Eyes Only with the Court, the Party shall first request written permission from the Producing Party.  The Producing Party has the right to demand that the other Party request that such material be filed under seal.

7. **Use of Confidential Information at Trial or Hearing**

Should the parties agree, Information, Documents, testimony, and things identified as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in accordance with this Stipulation may be disclosed in testimony at the trial of this Action or in a hearing in this Action or offered in evidence at trial or hearings in this Action, subject to the applicable Rules of Evidence and subject to such further order as the Court may make, provided that the offering

7

Party shall give sufficient prior written notice to the Producing or Designating Party that such designated Documents or information or things will be offered or used at trial or hearings. The inclusion of any Document, information, testimony, or thing on a pre-trial or pre-hearing exhibit list shall satisfy the requirement in the preceding sentence. After such written notice, a Producing or Designating Party may request that the Court receive the evidence *in camera* or under other conditions to prevent unnecessary disclosure and to protect confidentiality. Should the parties fail to agree or obtain Court approval, nothing herein shall preclude any Party or third party from making an application to the Court concerning the handling or treatment of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material at any hearing or trial in this action.

**8.    Challenge or Re-designation of Confidential or Highly Confidential – Attorneys' Eyes Only Information**

If at any time a Receiving Party disagrees with the designation of a Document, testimony, or thing, or any portion thereof, as either "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the Receiving Party may seek to downgrade the level of confidentiality, or remove any confidentiality designation. In such event, the following procedure shall be followed:

(a)    The Receiving Party shall give Counsel of Record for all other Parties written notice thereof together with reasons therefore, specifying the Document, information, or things to which such downgrade or removal is sought. The Parties shall thereafter informally attempt to resolve the matter.

(b)    If, after seven (7) days following written notice, the dispute cannot be resolved, then the Party seeking the downgrade or removal may request an order from the Court for appropriate relief. The Party seeking to protect the Document, testimony, information, or thing

8

as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall bear the burden of establishing the appropriateness of the protection or degree of protection sought.

(c) If a Producing or Designating Party voluntarily, or pursuant to Court Order, downgrades or removes the confidentiality designation of particular materials, the Producing or Designating Party shall produce to the other parties substitute copies of such materials bearing the new designation or no designation.

**9.  No Waiver**

No Party shall be obligated to challenge the propriety of the designation of any materials as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" upon its production in this Action. The failure to challenge the designation of a Document, testimony, information, or a thing as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall not preclude any subsequent objection to such designation, or a motion for any disclosure or protection from discovery, or to modify this Stipulation or for any other protective order pursuant to Rule 26(c).

Neither the acceptance by a Party of any information, Document or thing designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" hereunder, nor the failure of a Party to so designate any information, Document or thing, nor the failure to take any action to enforce the provisions of this Stipulation, shall constitute a concession or admission as to whether or not the information, Document, or thing is, in fact, confidential or highly confidential, or as to whether or not it is discoverable, relevant or admissible in evidence.

Nothing in this Stipulation shall constitute or be deemed or construed as a waiver of the attorney-client privilege, work product immunity, or any other privilege or immunity, or right of a Party to oppose the production of Documents, information, or things, or to seek to compel such production.

9

**10.     Procedure Upon Termination of the Action**

Upon termination of this Action, including the exhaustion of all available appeals, the Parties shall, at the request and option of the Producing or Designating Party, destroy and certify the destruction of such Confidential or Highly Confidential – Attorneys' Eyes Only information; provided, however, that work product, briefs and other court papers prepared for use in this Action need not be returned or destroyed, but may be retained only by the parties' Counsel of Record and, if so retained, shall continue to be maintained as Confidential or Highly Confidential – Attorneys' Eyes Only in accordance with the provisions of this Stipulation.  There shall be no obligation to destroy materials that are contained in emails, backup tapes and/or electronic formats that are not reasonably accessible, even if those materials have been specifically labeled as Confidential or Highly Confidential – Attorneys' Eyes Only.

**11.     Continuing Obligations of Confidentiality**

(a)     Neither the termination of this Action nor the termination of employment of any person who has gained access to any Confidential or Highly Confidential – Attorneys' Eyes Only information through discovery or disclosure in this Action shall by itself relieve such person from the obligation of maintaining the confidentiality of such information as provided in this Stipulation, which obligation shall continue for as long as the information is designated as Confidential or Highly Confidential – Attorneys' Eyes Only.

(b)     Neither the execution of this Stipulation nor the designation or failure to designate any Document, thing, or item of information as Confidential or Highly Confidential – Attorneys' Eyes Only shall be construed as any indication as to whether the Document, information or thing constitutes the proprietary intellectual property of any Party, including without limitation,

whether the Document or information is protected from use by copyright or patent protection or as a trade secret or otherwise.

(c) Nothing herein shall modify, or in any way excuse any Party from, any preexisting obligation to maintain the confidentiality of any information or Document, whether or not that information or Document has been designated as Confidential or Highly Confidential – Attorneys' Eyes Only pursuant to this Stipulation.

**12. No Restriction On A Party's Use Of Its Own Information**

Nothing herein is intended to or shall prohibit or restrict or limit in any way a Party's (or its attorneys') use or distribution of its own information, Documents and things.

**13. Non-Party Requests For Information Subject To This Stipulation**

If any Party is subpoenaed or receives a demand or any legal process by a non-party for information, Documents or things designated as Confidential or Highly Confidential – Attorneys' Eyes Only in accordance with this Stipulation, such Party shall give the Producing or Designating Party in this Action written notice of such subpoena, demand or process by hand delivery, fax or email, within five (5) days after receipt, but in any case sufficiently before the time to comply so as to give the Producing or Designating Party an opportunity to object to the requested production. In addition, to the extent permitted by law, the Party served shall object to production of such materials or information based upon this Stipulation.

To the extent a Party is ordered or otherwise required by law to produce Confidential or Highly Confidential – Attorneys' Eyes Only Documents, information, or things in response to a non-party subpoena or other legal process in another action or proceeding, that Party will request that this Stipulation be followed to the greatest extent possible with respect to such Documents, information, or things.

**14. Binding On Parties and Successors**

This Stipulation is binding upon the Parties and their employees and their respective successors, successors-in-interest and assigns.

**15. Retroactivity of the Stipulation**

It is understood and agreed that the provisions of this Stipulation shall apply retroactively to any Document, information, or thing, or portion thereof, produced (whether by a Party, Producing or Designating Party) to any Party on or after the date the complaint in this Action was filed, up until the effective date of this Stipulation.

If a Producing or Designating Party wishes to include a "Confidential" or "Highly Confidential – Attorney's Eyes Only" designation to materials produced prior to the effective date of this Stipulation, the Producing or Designating Party shall produce to the other Parties substitute copies of such materials bearing the new designation.  The receiving parties shall return the unmarked material to the Producing or Designating Party and all copies of any undisclosed material shall be retrieved from any person who would not have been allowed access to it if it had been properly designated at the time of production.

\*     \*     \*

The parties to this agreement, through their respective counsel, expressly agree to the terms of this Stipulation and consent to its form and entry.

| | |
|---|---|
| By: _/s/ Sarah Biser_____<br>Sarah B. Biser, Esq.<br>Philip Z. Langer, Esq.<br>**FOX ROTHSCHILD LLP**<br>997 Lenox Drive, Building 3<br>Lawrenceville, New Jersey 08648<br>*Attorneys for Plaintiff*<br>*The Trustees of Princeton University*<br>Date:  December **14**, 2020 | By: _/s/ John H. King_____<br>John M. Becker, Esq.<br>John King, Esq.<br>**THOMPSON BECKER LLC**<br>Ten Melrose Avenue, Suite 400<br>Cherry Hill, New Jersey 08003<br>*Attorneys for Defendant/Third-Party Plaintiff*<br>*Tod Williams Billie Tsien Architects, LLP*<br>Date:  December __, 2020 |

| | |
|---|---|
| By: _/s/ Stuart M. Lederman_<br>Stuart M. Lederman, Esq.<br>Cristin M. Moyle, Esq.<br>RIKER DANZIG SCHERER HYLAND & PERETTI LLP<br>One Speedwell Avenue<br>Morristown, New Jersey 07962<br>Attorneys for Defendant<br>Jacobs Architects/Engineers, Inc. and Jacobs Consultancy, Inc.<br>Date: December __, 2020 | By: _____<br>Ira M. Schulman, Esq.<br>Sophia L. Cahill, Esq.<br>SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>30 Rockefeller Plaza<br>New York, New York 10112<br>Attorneys for Third-Party Defendant<br>F.J. Sciame Construction Co., Inc.<br>Date: December __, 2020 |
| By: _/s/ Kathleen Olden Barnes_<br>Kathleen O. Barnes, Esq.<br>WATT TIEDER HOFFAR & FITZGERALD LLP<br>1765 Greensboro Station Place, Suite 1000<br>McLean, VA 22102<br>Attorneys for Defendant<br>Jacobs Architects/Engineers, Inc. and Jacobs Consultancy, Inc.<br>Date: December 15, 2020 | By: _/s/ Loryn P. Riggiola_<br>Loryn P. Riggiola, Esq.<br>Jason Kosek, Esq.<br>ZETLIN & DE CHIARA LLP<br>80 Bloomfield Avenue<br>Caldwell, NJ 07006<br>Defendant ARUP USA, Inc.<br>Date: December __, 2020 |
| | By: _____<br>Ellen Nunno Corbo, Esq.<br>BURNS WHITE LLC<br>457 Haddonfield Road, Suite 510<br>Cherry Hill, New Jersey 08002<br>Attorneys for Defendant/Third-Party Plaintiff<br>Tod Williams Billie Tsien Architects, LLP<br>Date: December __, 2020 |

So Ordered this 17th day of December, 2020

_____
LOIS H. GOODMAN, U.S.M.J

| | |
|---|---|
| By:_____<br>Stuart M. Lederman, Esq.<br>Cristin M. Moyle, Esq.<br>**RIKER DANZIG SCHERER HYLAND & PERETTI LLP**<br>One Speedwell Avenue<br>Morristown, New Jersey 07962<br>*Attorneys for Defendant*<br>*Jacobs Architects /Engineers, Inc. and*<br>*Jacobs Consultancy, Inc.*<br>Date:  December \_\_, 2020 | By:_____<br>Ira. M. Schulman, Esq.<br>Sophia L. Cahill, Esq.<br>**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**<br>30 Rockefeller Plaza<br>New York, New York 10112<br>*Attorneys for Third-Party Defendant*<br>*F.J. Sciame Construction Co., Inc.*<br>Date:  December \_\_, 2020 |
| By:_____<br>Kathleen O. Barnes, Esq.<br>**WATT TIEDER HOFFAR & FITZGERALD LLP**<br>1765 Greensboro Station Place, Suite 1000<br>McLean, VA  22102<br>*Attorneys for Defendant*<br>*Jacobs Architects /Engineers, Inc. and*<br>*Jacobs Consultancy, Inc.*<br>Date:  December \_\_, 2020 | By:_____<br>Loryn P. Riggiola, Esq.<br>Jason Kosek, Esq.<br>**ZETLIN & DE CHIARA LLP**<br>80 Bloomfield Avenue<br>Caldwell, NJ 07006<br>*Defendant ARUP USA, Inc.*<br>Date:  December \_\_, 2020 |
| | By: */s/ Ellen Nunno Corbo*<br>Ellen Nunno Corbo, Esq.<br>**BURNS WHITE LLC**<br>457 Haddonfield Road, Suite 510<br>Cherry Hill, New Jersey 08002<br>*Attorneys for Defendant/Third-Party Plaintiff*<br>*Tod Williams Billie Tsien Architects, LLP*<br>Date:  December 15, 2020 |

So Ordered this 17th day of December, 2020

_____
LOIS H. GOODMAN, U.S.M.J

13

117151385.v1

| | |
|---|---|
| By:_____<br>Stuart M. Lederman, Esq.<br>Cristin M. Moyle, Esq.<br>**RIKER DANZIG SCHERER HYLAND & PERETTI LLP**<br>One Speedwell Avenue<br>Morristown, New Jersey 07962<br>*Attorneys for Defendant*<br>*Jacobs Architects /Engineers, Inc. and*<br>*Jacobs Consultancy, Inc.*<br>Date:  December \_\_, 2020 | By:_____<br>Ira. M. Schulman, Esq.<br>Sophia L. Cahill, Esq.<br>**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**<br>30 Rockefeller Plaza<br>New York, New York 10112<br>*Attorneys for Third-Party Defendant*<br>*F.J. Sciame Construction Co., Inc.*<br>Date:  December \_\_, 2020 |
| By:_____<br>Kathleen O. Barnes, Esq.<br>**WATT TIEDER HOFFAR & FITZGERALD LLP**<br>1765 Greensboro Station Place, Suite 1000<br>McLean, VA  22102<br>*Attorneys for Defendant*<br>*Jacobs Architects /Engineers, Inc. and*<br>*Jacobs Consultancy, Inc.*<br>Date:  December \_\_, 2020 | By:_____<br>Loryn P. Riggiola, Esq.<br>Jason Kosek, Esq.<br>**ZETLIN & DE CHIARA LLP**<br>80 Bloomfield Avenue<br>Caldwell, NJ 07006<br>*Defendant ARUP USA, Inc.*<br>Date:  December \_\_, 2020 |
| | By:_____<br>Ellen Nunno Corbo, Esq.<br>**BURNS WHITE LLC**<br>457 Haddonfield Road, Suite 510<br>Cherry Hill, New Jersey 08002<br>*Attorneys for Defendant/Third-Party Plaintiff*<br>*Tod Williams Billie Tsien Architects, LLP*<br>Date:  December \_\_, 2020 |

So Ordered this 17th day of December, 2020

_____
LOIS H. GOODMAN, U.S.M.J

117151385.v1